JAQUES v SMITH

1. Fʀᴀᴜᴅs, Sᴛᴀᴛᴜᴛᴇ ᴏғ—Sᴀʟᴇ ᴏғ Lᴀɴᴅ—Cᴏɴᴛʀᴀᴄᴛs.

A contract to purchase realty is void where there is no contract, note, or memorandum in writing and signed by the party by whom the sale is to be made, or by some person thereunto by him lawfully authorized in writing (MCLA 556.108).

2. Sᴘᴇᴄɪғɪᴄ Pᴇʀғᴏʀᴍᴀɴᴄᴇ—Cᴏɴᴛʀᴀᴄᴛs—Fʀᴀᴜᴅs, Sᴛᴀᴛᴜᴛᴇ ᴏғ—Pᴀʀᴛ Pᴇʀғᴏʀᴍᴀɴᴄᴇ.

A court may order specific performance of a contract which does not comply with the statute of frauds where there has been part performance of the contract; however, acts which are preliminary to the formation of a contract do not constitute part performance of an existing contract.

3. Tᴏʀᴛs—Cᴏɴᴛʀᴀᴄᴛs—Tᴏʀᴛɪᴏᴜs Iɴᴛᴇʀғᴇʀᴇɴᴄᴇ—Cᴏɴsᴘɪʀᴀᴄʏ—Vᴀʟɪᴅ Cᴏɴᴛʀᴀᴄᴛ.

Damages for a claimed conspiracy to tortiously interfere with contract rights may not be recovered where the contract is not valid and binding.

Appeal from Wayne, Ronald L. Olzark, J. Submitted June 19, 1975, at Detroit. (Docket No. 21972.) Decided July 23, 1975. Leave to appeal applied for.

Complaint by Leonard C. Jaques against Howard F. Smith, Jr., individually and as co-fiduciary of the estate of Helen S. Smith, deceased, Johnstone & Johnstone, Inc., and Windell Birdsall for specific

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 73 Am Jur 2d, Statute of Frauds § 589.
[2] 71 Am Jur 2d, Specific Performance § 29.
     73 Am Jur 2d, Statute of Frauds § 443.
     Doctrine of part performance in suits for specific performance of parol contract to convey real property. 101 ALR 923.
[3] 74 Am Jur 2d, Torts §§ 23–25.

performance of a contract to purchase realty and damages for tortious interference with contract rights. Judgment for defendants. Plaintiff appeals. Affirmed.

*Leonard C. Jaques, P. C.* (by *Robert E. Swickle),* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Carl H. von Ende),* for Howard F. Smith, Jr.

*Manuel Zechman,* for Johnstone & Johnstone, Inc., and Windell Birdsall.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff brought suit, alleging the existence of a contract to purchase realty and seeking specific performance thereof. He also sought damages for a claimed conspiracy to tortiously interfere with contract rights. The trial court granted accelerated judgment for defendant, GCR 1963, 116.1(5), finding that the claim was barred by the statute of frauds, MCLA 566.108; MSA 26.908. Plaintiff brought this appeal.

The record and briefs disclose that there is no contract, note or memorandum in writing and signed by the party by whom the sale is to be made, or by some person thereunto by him lawfully authorized in writing. Therefore, the contract alleged is void, MCLA 566.108; MSA 26.908. The fact that plaintiff's signed offer was witnessed by a real estate agent does not constitute an acceptance and it is patently ridiculous to so urge.

Plaintiff's resort to MCLA 566.110; MSA 26.910 is of no avail. That statute permits the compelling of specific performance "in cases of part perform-

ance of [agreements barred by the statute of frauds]". In legal contemplation, the acts of plaintiff were preliminary to the formation of a contract to purchase and did not constitute part performance of an existing contract. *Coronet Development Co v FSW, Inc,* 379 Mich 302, 310; 150 NW2d 809 (1967), *Daugherty v Poppen,* 316 Mich 430, 439; 25 NW2d 580 (1947).

Finally, the trial court correctly granted accelerated judgment on the conspiracy claim. In *Williams v De Man,* 7 Mich App 71, 76–77; 151 NW2d 247 (1967), we held:

"Plaintiff's assignment of error alleging that he is entitled to recover damages from the intervening defendant for wrongful inducement of breach of contract, is also fatally affected by the absence of a binding contract. 'In actions for procuring the breach of contract, the contract concerned must have been valid.' 30 Am Jur, Interference, § 23, p 74. Also see, 84 ALR 48 and 26 ALR2d 1242."

Affirmed. Costs to appellees.