ATKINSON v CITY OF DETROIT

Docket No. 189711. Submitted December 18, 1996, at Detroit. Decided February 25, 1997, at 9:05 A.M. Leave to appeal sought.

Brent Atkinson and Belinda Atkinson-Ramos brought an action in the Wayne Circuit Court against the City of Detroit and others, seeking damages related to an injury Atkinson, a Detroit police officer, suffered at the automobile racetrack on Belle Isle. While on a break from his assignment of crowd control at a site off the island, Atkinson had crashed a police motor scooter into a concrete barrier forming part of the racetrack as he swerved to avoid an oncoming vehicle. The court, James R. Chylinski, J., granted summary disposition for the defendants, ruling that worker's compensation is the exclusive remedy against the city and that the fireman's rule bars the claims against the other defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. The fireman's rule bars a police officer from recovering damages for injuries deriving from the negligence causing the officer's presence and for injuries stemming from the normal risks of the officer's profession. The rule does not apply to all risks encountered by a police officer, and an officer may be able to recover for injuries suffered while merely on patrol. In this case, the fireman's rule does not bar the plaintiffs' claims against those defendants that are not the city because Atkinson was merely on patrol at the time of his injury.

2. The trial court erred in disregarding Atkinson's affidavit explaining his police assignment and presence on Belle Isle. The affidavit did not contradict Atkinson's responses to a prior interrogatory such that the affidavit should be barred from consideration.

3. The trial court correctly ruled that the plaintiffs' claim against the city is barred by the exclusive remedy provision of the worker's compensation act, MCL 418.131; MSA 17.237(131). Atkinson sustained his injury in the course of employment, and the city did not have a second identity completely removed and distinct from its status as employer such that the dual-capacity doctrine would apply to allow the plaintiffs to avoid the exclusive remedy of worker's compensation as against the city.

Affirmed in part, reversed in part, and remanded for further proceedings.

NEGLIGENCE — FIREMAN'S RULE — POLICE OFFICERS.
The fireman's rule, which bars police officers from recovering damages for certain types of personal injuries, does not apply to injuries sustained while merely on patrol.

*Donald M. Fulkerson* and *Lipton & Lipton, P.C.* (by *Marc Lipton*), for Brent Atkinson and Belinda Atkinson-Ramos.

*Richard A. Kudla & Associates* (by *Pamela L. Marek*), for City of Detroit and Motor Marketing International of Detroit, Inc.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for Professional Engineering Associates, Inc.

*Law Offices of Michael J. Hutchinson* (by *Michael J. Hutchinson* and *Peter J. Boyles*), for Detroit Renaissance Events, Inc.

Before: TAYLOR, P.J., and GRIBBS and R. D. GOTHAM*, JJ.

PER CURIAM. Plaintiffs, Brent Atkinson and Belinda Atkinson-Ramos, appeal as of right an order granting summary disposition to defendants, the City of Detroit, Detroit Renaissance Events, Inc., formerly known as Detroit Renaissance Grand Prix, Inc. (DRE), Championship Auto Racing Teams, Inc., (CART),[1] Professional Engineering Associates, Inc. (PEA), and Motor Marketing International of Detroit, Inc. (MMI). We affirm in part, reverse in part, and remand.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Plaintiffs' appeal has subsequently been dismissed with respect to CART pursuant to a stipulation by the parties.

Plaintiff Atkinson was injured in a motor scooter accident on Belle Isle in the City of Detroit. Atkinson was operating the motor scooter during the course of his employment as a Detroit police officer, but was on break at the time of the accident. His left ankle was crushed when he hit a concrete barricade after swerving his scooter to avoid an oncoming van that was approaching on the wrong side of the road. The concrete barricade was part of the Grand Prix race track on Belle Isle.

Atkinson first argues that the trial court erred in invoking the fireman's rule to bar his claim. We agree.

On appeal, a trial court's determination of a motion for summary disposition is reviewed de novo. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). The trial court did not specify the specific subrule of MCR 2.116(C) upon which it relied. However, because it referred to materials apart from the pleadings, we will treat the motion as having been granted under MCR 2.116(C)(10) with respect to the fireman's rule. See *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 705; 532 NW2d 186 (1995).

A motion for summary disposition under MCR 2.116(C)(10) may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pinckney Schools, supra* at 525. A trial court should grant such a motion if it is satisfied that the claim suffers a deficiency that cannot be overcome. *SSC Associates v Detroit General Retirement System*, 192 Mich App 360, 365; 480 NW2d 275 (1991).

In Michigan, the common-law "fireman's rule" bars police officers from recovering damages for two types

of injuries: (1) those deriving from negligence causing the officer's presence, and (2) those stemming from the normal risks of the officer's profession. *Woods v City of Warren*, 439 Mich 186, 196; 482 NW2d 696 (1992). The rationale for the rule is that "the purpose of safety professions is to confront danger and, therefore, the public should not be liable for damages for injuries occurring in the performance of the very function police officers and fire fighters are intended to fulfill." *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347, 368; 415 NW2d 178 (1987).

In *Woods, supra* at 197-198, the Michigan Supreme Court held that the fireman's rule precluded the claim of an officer injured when his police car crashed into a house after he drove over a patch of ice while pursuing a stolen car. The *Woods* Court reasoned that his defective highway claim was barred because his injury stemmed from a fundamental police function. *Id.* at 192. In support of its holding the Court noted that (1) the officer had a duty to pursue the stolen car, (2) driving at high speeds, as he was required to do to fulfill this duty, increased his risk of injury, and (3) while he was in pursuit, he was "no longer merely on patrol." *Id.* at 191, n 4, 192. Moreover, this Court, in *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83; 520 NW2d 633 (1994), held that the fireman's rule barred recovery by an officer assigned to traffic enforcement injured in a traffic accident while on duty. The *Stehlik* Court explained that the scope of the fireman's rule "does not include all risks encountered by a safety officer" and that an officer "may be able to recover for injuries suffered while merely on patrol under other circumstances." *Id.* at 87-88, citing *Woods, supra* at 192.

.

Unlike the officer in *Woods, supra* at 192, Atkinson's status as a police officer did not increase his risk of injury, and unlike the officer in *Stehlik, supra* at 86-87, Atkinson was not engaged in his specific police assignment (crowd control at another location) at the time of his injury. Atkinson, if anything, was merely on patrol. We conclude that the policy underlying the fireman's rule would not be advanced by barring his claim. See *Kreski, supra* at 372. Because the fireman's rule is not fatal to plaintiffs' claims, we hold that the trial court erred in granting summary disposition to DRE, PEA, and MMI. *SSC Associates, supra* at 364-365.

Atkinson also argues that the trial court erred in disregarding an affidavit explaining his police assignment and presence on Belle Isle. We agree, but note that Atkinson failed to present this claim of error in his statement of the issues involved as required by MCR 7.212(C)(5). See *Preston v Dep't of Transportation*, 190 Mich App 491, 498; 476 NW2d 455 (1991). Nevertheless, we address the issue because it is necessary to our resolution of this appeal.

It is well settled that a party may not create an issue of fact by submitting an affidavit that contradicts prior deposition testimony. E.g., *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 256-257; 503 NW2d 728 (1993). In the case at bar, the trial court disregarded Atkinson's affidavit, in which he claimed he was on "break" from his assigned duties, because it found it to be contradictory to Atkinson's prior interrogatory answers, in which Atkinson stated that he was "on duty patrol." Although we accept the trial court's application of the "no-contradiction" rule to affidavits that contradict prior interrogatory answers,

we conclude the trial court erred in disregarding Atkinson's affidavit, because Atkinson's affidavit did not contradict his prior statements.

Atkinson's affidavit, which explained that he was riding the police motor scooter around Belle Isle in order to pass the time while waiting to be dispatched to his assigned crowd control duties on Jefferson Avenue, provided clarification, not contradiction. Although he may have been "on duty" in the sense that he was in uniform, riding a department vehicle in the jurisdiction of his employer during his normal working hours, he may also have been on a "break" from his assigned crowd control duties. Therefore, we hold that the trial court erred in not considering Atkinson's affidavit.

Finally, Atkinson argues that the trial court erred in granting summary disposition to the City of Detroit on the basis of the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA). MCL 418.131; MSA 17.237(131). We disagree.

Because the trial court referred to materials outside the pleadings, and because the City of Detroit did not move for summary disposition under MCR 2.116(C)(10), we will treat the motion as having been granted under MCR 2.116(C)(7) with respect to the exclusive remedy provision of the WDCA. A motion for summary disposition under MCR 2.116(C)(7) may be granted when a claim is barred and, accepting as true all of plaintiff's well-pleaded allegations, no factual development could provide a basis for recovery. *Florence v Dep't of Social Services*, 215 Mich App 211, 213-214; 544 NW2d 723 (1996).

The WDCA provides that it is an employee's "exclusive remedy" against an employer for a "personal

injury." MCL 418.131; MSA 17.237(131). However, under the "dual-capacity doctrine," an employee may, in some circumstances, bring a civil action against the employer for a work-related injury caused by the employer in a role other than employer. *Howard v White*, 447 Mich 395, 398; 523 NW2d 220 (1994). The doctrine is applicable only when the employer has a second identity "completely removed and distinct from his status as employer." *Id.*, quoting *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 653; 364 NW2d 670 (1984).

The Michigan Supreme Court, in *Howard, supra* at 396-398, reversed the judgment of this Court and held that the "dual capacity" did not apply in an action brought by city workers injured when their city vehicle was struck by another automobile because of an allegedly defective city traffic light. Likewise, this Court, in *Cassani v Detroit*, 156 Mich App 573, 574; 402 NW2d 1 (1985), held the doctrine did not apply to a city police officer who, while pursuing a felon, was injured by a wire cable strung between two poles on a city lot.

Atkinson argues that his case is distinguishable because his injury occurred while he was on a break. While Atkinson's status of being "merely on patrol" is not sufficient to trigger application of the fireman's rule, we conclude that it is sufficient to preclude application of the dual-capacity doctrine. Although he may not have been engaged in a specific police function, he was on duty within the course and scope of his employment. Thus, Atkinson's claim amounts to an assertion that he was provided an unsafe environment in which to work. See *Howard, supra* at 400. Therefore, we hold that the trial court did not err in

summarily dismissing his claim against the City of Detroit pursuant to the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131).

In sum, we affirm the trial court's grant of summary disposition in favor of the City of Detroit, reverse the trial court's grant of summary disposition to DRE, PEA, and MMI, and remand for further proceedings.