## EERDMANS v MAKI

Docket No. 196898. Submitted July 3, 1997, at Grand Rapids. Decided November 14, 1997, at 9:10 A.M. Leave to appeal sought.

Donald Eerdmans brought an action in the Kent Circuit Court against Clint Maki, Westdale Betters Homes and Gardens, Inc., and Jeneane Parmenter, alleging fraud or misrepresentation by Maki and Westdale and breach of contract by Parmenter, in connection with the plaintiff's failed attempt to buy land owned by Parmenter. The plaintiff, responding to a newspaper advertisement concerning the land and directing interested parties to Maki at Westdale, had contacted Maki, had executed two written offers to purchase the land, and had Maki sign the written offers as a witness. Parmenter did not sign either of the written offers and eventually sold the land to another party. The court, Dennis C. Kolenda, J., granted summary disposition for the defendants, ruling that there were no genuine issues of material fact and the defendants were entitled to judgment as a matter of law. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in summarily dismissing the breach of contract claim against Parmenter. A valid contract requires an offer and an acceptance, and a contract for the sale of land must also satisfy the requirements of the statute of frauds. Here, the newspaper advertisement, Maki's oral representations, and the listing agreement between Maki and Parmenter did not constitute an offer of sale because the advertisement contained no promise to sell and the listing agreement did not manifest a willingness on Parmenter's part to enter into a bargain with the plaintiff. Also, the requirement of the statute of frauds, that the writing be signed either by the party making the sale or by a person lawfully authorized in writing to act on behalf of the person making the sale, was not satisfied because Parmenter did not sign the written offers executed by the plaintiff and Maki was not lawfully authorized in writing to conclude a sale on behalf of Parmenter.

2. The trial court did not err in summarily dismissing the claim of fraud or misrepresentation against Maki and Westdale. The plaintiff cannot establish that he was injured as a result of the alleged misrepresentations by Maki inasmuch as he did not really have an

opportunity to purchase the land at the price he wanted, given that Maki did not have authority to bind Parmenter to that price and Parmenter never actually agreed to sell the land to the plaintiff at that price.

Affirmed.

1. CONTRACTS — OFFERS AND ACCEPTANCES.

A valid contract requires an offer and an acceptance; an offer is a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that assent to the bargain is invited and will conclude it; an acceptance must be unambiguous and in strict conformance with the offer.

2. CONTRACTS — SALES OF LAND — STATUTE OF FRAUDS.

A contract for the sale of land must comply with the statute of frauds, which, among other things, requires that there must be a writing signed by the party making the sale or by a person lawfully authorized in writing to act on behalf of the person making the sale (MCL 566.108; MSA 26.908).

3. FRAUD — MISREPRESENTATION.

Fraud or misrepresentation is established by proof that the defendant made a material representation, that the representation was false, or made recklessly without knowledge of its truth or falsity, that the defendant made it with intent that the plaintiff would act upon it, that the plaintiff acted in reliance upon it, and that the plaintiff suffered injury.

*Twohey Maggini PLC* (by *David Schoolenberg* and *Ralph D. Wyngarden*), for the plaintiff.

*Wheeler Upham, P.C.* (by *Timothy J. Orlebeke* and *Thomas A. Kuiper*), for the defendants.

Before: SAAD, P.J., and NEFF and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendants' motion for summary disposition. We affirm.

This case arises out of plaintiff's failed attempt to purchase an undeveloped tract of real property in Kent County. The property was owned by defendant

Jeneane Parmenter and by Allen Parmenter[1] and was listed for sale by defendant Clint Maki, a real estate agent operating under the broker's license of defendant Westdale Better Homes and Gardens, Inc. Plaintiff became aware of the property when he saw the following advertisement, which appeared in the May 7, 1994, edition of the *Grand Rapids Press*.

> DEVELOPERS NOTE—2 miles from Byron Center. 76 acres with farmhouse. Close to proposed South Beltline. Frontage on 3 paved roads. Gently rolling terrain. See 7280 Ivanrest, SW. Then call Clint Maki at 837-7630 or leave message at 538-8500. Westdale Better Homes & Gardens.

After viewing the described property, plaintiff contacted Maki. Maki discussed the property with plaintiff and disclosed the fact that he was the seller's agent. Maki also told plaintiff that the seller wanted $465,000 in cash for the property. The $465,000 figure was based on a "listing agreement" between Jeneane Parmenter and Maki, which purported to guarantee Maki a seven percent commission if he produced a suitable purchaser within a specified period.[2]

According to plaintiff, Maki then assured him that the seller could not back out of the deal if plaintiff agreed to pay the list price in cash. Plaintiff told Maki he was willing to accept the terms as presented, but that he would also be willing to pay more for the property if the seller would agree to sell on a land contract. To this end, Maki prepared two "Buy and

---

[1] Allen Parmenter's interest in the property was protected by a conservator, Robert VanDongen. Allen Parmenter was initially a defendant in this case. On July 1, 1994, plaintiff dismissed his complaint with respect to Allen Parmenter.

[2] Allen Parmenter was not bound by the listing agreement because it was not signed by his conservator, VanDongen.

Sell Agreements." In one agreement, plaintiff "offered" to purchase the property for $465,000 in cash. In the other, he "offered" to purchase the property for $485,000 on a land contract. Plaintiff signed each "Buy and Sell Agreement" as "Buyer" and Maki signed each as "Witness." The owners of the property did not sign either of the "agreements" and subsequently sold the property to a third party for $560,000.

Plaintiff filed suit alleging breach of contract against the Parmenters and fraud or misrepresentation against Maki and Westdale.[3] Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), and the trial court granted the motion with respect to both counts. We review de novo a trial court's decision to grant a motion for summary disposition. *Pinckney Community Schools v Continental Casualty Co*, 213 Mich App 521, 525; 540 NW2d 748 (1995). When reviewing a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court must consider the pleadings, affidavits, admissions, depositions, and any other documentary evidence available to it in a light most favorable to the nonmoving party. *Tranker v Figgie Int'l, Inc*, 221 Mich App 7, 11; 561 NW2d 397 (1997). We must then determine whether there exists a genuine issue of material fact on which reasonable minds could differ or whether the moving party is entitled to judgment as a matter of law. *Id.* The moving party is entitled to judgment as a matter of law if the claim suffers a deficiency that cannot be overcome. See

---

[3] Plaintiff also sued for specific performance, but subsequently dismissed this claim.

*Atkinson v Detroit*, 222 Mich App 7, 9; 564 NW2d 473 (1997).

With respect to his breach of contract claim against Jeneane Parmenter, plaintiff argues that a combination of (1) the newspaper advertisement, (2) Maki's oral representations, and (3) the listing agreement between Maki and Jeneane Parmenter constituted an offer from the Parmenters to sell the property to plaintiff for $465,000. Plaintiff further argues that he accepted the offer and formed a contract with the Parmenters when he agreed to pay $465,000 in cash pursuant to one of the "Buy and Sell Agreements."[4] We are not persuaded by plaintiff's argument.

A valid contract requires mutual assent on all essential terms. *Kamalnath v Mercy Memorial Hosp Corp*, 194 Mich App 543, 548-549; 487 NW2d 499 (1992). Mere discussions and negotiation cannot be a substitute for the formal requirements of a contract. *Id.* at 549. Before a contract can be completed, there must be an offer and acceptance. *Pakideh v Franklin Commercial Mortgage Group, Inc*, 213 Mich App 636, 640; 540 NW2d 777 (1995). An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement Contracts, 2d, § 24; see also *Cheydleur v Hills*, 415 F Supp 451, 453 (ED Mich, 1976). Acceptance must be unambiguous and in strict conformance with the offer. *Pakideh, supra* at 640. Finally, a contract for the sale of land must also satisfy the statute of frauds. MCL 566.108; MSA 26.908;

---

[4] Plaintiff characterizes the other "Buy and Sell Agreement" as an offer to modify the contract.

*Jaques v Smith*, 62 Mich App 719, 720; 233 NW2d 839 (1975). To satisfy the statute of frauds, there must be a writing signed by either (1) the party making the sale or (2) a person lawfully authorized in writing to act on behalf of the person making the sale. *Jaques, supra* at 720.

In this case, the newspaper advertisement did not constitute an offer because it contained no promise to sell the property and thus did not endow plaintiff with the power of acceptance. See *Cheydleur, supra* at 453. The listing agreement between Jeneane Parmenter and Maki also did not constitute an offer. First, there was no indication that it was ever shown to plaintiff. Second, even if it had been shown to plaintiff, the agreement between Jeneane Parmenter and Maki did not manifest a willingness on the part of Jeneane Parmenter to enter into a bargain with plaintiff. See Restatement Contracts, 2d, § 24. Finally, plaintiff cannot rely on the "Buy and Sell Agreement" prepared by Maki because this document was not signed by either of the sellers and, therefore, does not satisfy the statute of frauds. *Jaques, supra* at 720. Maki's signature as a witness was insufficient to bind the sellers because Maki was not "lawfully authorized in writing" to conclude the sale on their behalf. *Id.* Although the listing agreement purported to give Maki the authority to arrange the sale, it did not give Maki authority to conclude the sale and it did not give Maki any authority whatsoever to act on behalf of Allen Parmenter, whose conservator did not sign the agreement. Thus, because plaintiff's breach of contract claim suffers deficiencies that cannot be overcome, we hold that the trial court did not err in grant-

ing summary disposition in favor of Jeneane Parmenter. *Atkinson, supra* at 9.

With respect to his claim of fraud or misrepresentation against Maki and Westdale, plaintiff argues that he was damaged by Maki's misrepresentation that he had the authority to effect the sale of the property and that nothing else needed to be done in order to bind the sellers. Again, we are not persuaded by plaintiff's argument.

To establish a cause of action for fraud or misrepresentation, a plaintiff must prove (1) that the defendant made a material representation, (2) that the representation was false, (3) that when the defendant made the representation, the defendant knew that it was false, or made it recklessly without knowledge of its truth or falsity, (4) that the defendant made it with the intent that the plaintiff would act on it, (5) that the plaintiff acted in reliance on it, and (6) that the plaintiff suffered injury. *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 208; 544 NW2d 727 (1996). An action for fraudulent misrepresentation must be predicated on a statement relating to a past or an existing fact. *Id.* at 208-209. Future promises are contractual and cannot constitute actionable fraud. *Id.*

In this case, plaintiff's claim must fail because he presented no facts to suggest that he was injured as a result of his reliance on the alleged misrepresentation. Plaintiff does not argue that he entered into any other transactions as a result of his mistaken belief that he had purchased the property in question. Instead, he argues that his injury was caused by the fact that he was unable to purchase the property for $465,000, a price alleged to be below the market value of the property. We disagree. Because (1) Maki did

not have authority to bind the sellers to a sale for $465,000, or any other price, and (2) the sellers never actually agreed to sell the property to plaintiff for $465,000, plaintiff cannot show that he would have been able to purchase the property for $465,000. Thus, because plaintiff never actually had the opportunity to purchase the property for $465,000, he could not have been injured by the loss of that opportunity. Accordingly, we hold that the trial court did not err in granting summary disposition in favor of Maki and Westdale. *Atkinson, supra* at 9.

Affirmed.