# STATE OF MICHIGAN

# COURT OF APPEALS

---

BANK OF NEW YORK MELLON, f/k/a BANK
OF NEW YORK, as Trustee for the Certificate
Holders of CWABS, INC., ASSET-BACKED
CERTIFICATES SERIES 2003-3,

        Plaintiff-Appellant,

v

JAAFAR K. JAAFAR and BADIA JAAFAR,

        Defendants-Appellees.

UNPUBLISHED
December 23, 2014

No. 316521
Wayne Circuit Court
LC No. 11-008424-CH

---

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

MURRAY, P.J. (*dissenting*).

I respectfully dissent from the majority's conclusion that there existed a contract to settle this case. For the reasons briefly described below, and although the result is difficult to swallow, I would hold that no contract to settle existed and would therefore reverse and remand for further proceedings.

As the majority accurately recites, in October 2011, the parties commenced negotiations to settle this case, with defendants first offering $190,000, and then $260,000, but plaintiff rejected these offers. The parties' attorneys then exchanged several e-mail messages. Starting on January 20, 2012, and concluding on February 8, 2012, counsel for the parties engaged in the following discussions via e-mail:

> Counsel for BNY Mellon (1/20/2012, 5:14 pm):
>
> I received correspondence from my client regarding your client's offer. My client has advised me that the offer was reviewed and is still too low. *Would your client be willing to increase the offer by $5K? Please advise me of your client's decision.*
>
> Counsel for the Jaafars (1/21/2012, 3:03 pm):
>
> Yes.
>
> Counsel for the Jaafars (1/24/2012, 3:19 pm):

-1-

*have you confirmed* the 265k my client wants to settle this.

Counsel for BNY Mellon (2/7/2012, 10:27 am):

I just received back from the court our proposed stipulated order. They informed me that by the time they received it, it did affect the deadlines. Therefore, we have to file a motion to extend. I will prepare it and send you a copy as well.

Counsel for the Jaafars (2/7/2012, 1:03 pm):

no prob, *any word on our counter offer*?

Counsel for BNY Mellon (2/8/2012, 9:26 am):

I sent you're [sic] confirmation that *your client would increase his offer* by $5K. At this time, I'm still waiting to hear back from my client. [Emphasis added.]

The exchange between counsel on January 20th and 21st did not create a contract, i.e., it was not the culmination of a settlement agreement between the parties. Instead, viewing "the express words of the parties and their visible acts, not their subjective states of mind," *Calhoun Co v Blue Cross Blue Shield of Mich*, 297 Mich App 1, 13; 824 NW2d 2002 (2012) (citation and quotation marks omitted), the words show that plaintiff's counsel asked defense counsel whether *defendants' offer* could be increased by $5,000. Importantly, plaintiff's counsel did not say "my client would accept an offer that was $5,000 more" or anything to that effect. Rather, the e-mail simply asks whether defendants would increase their offer.[1] The answer was simply "yes".

Subsequent correspondence reveals that the "yes" from defense counsel was not a "yes we settled" but "yes we will offer $5,000 more than we did last time", as the e-mails of January 24 and February 7 show that defense counsel knew that he had extended a new counter offer to plaintiffs that was $5,000 more than the previously rejected offer. Looking at these objective words in this manner establishes that no settlement was reached between the parties, and the trial court's order enforcing such a settlement was in error. I would reverse and remand.

/s/ Christopher M. Murray

---

[1] An "offer" is "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Eerdmans v Maki*, 226 Mich App 360, 364; 573 NW2d 329 (1997) (citation and quotation marks omitted).