# STATE OF MICHIGAN

# COURT OF APPEALS

THEODORE L. HARPHAM, II and CHERI
LEPPEK-HARPHAM,

UNPUBLISHED
October 13, 2015

Plaintiffs-Appellees,

v

No. 321970
Arenac Circuit Court
LC No. 14-012529-CZ

BIG MOOSE HOME INSPECTIONS, INC. and
GARY ROBINSON,

Defendants-Appellants.

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Defendants appeal by leave granted[1] the trial court's order denying summary disposition to defendants on plaintiffs' breach of contract claim.[2] We reverse and remand to the trial court for the entry of an order granting summary disposition to defendants on plaintiffs' breach of contract claim.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

According to defendants, defendant Big Moose Home Inspections, Inc. ("Big Moose") entered into a written contract with plaintiffs on March 12, 2010 for the inspection of a home located in Au Gres, Michigan. By contrast, plaintiffs contend that they entered into an oral

---

[1] *Harpham v Big Moose Home Inspections, Inc*, unpublished order of the Court of Appeals, entered October 2, 2014 (Docket No. 321970).

[2] The trial court's order does not expressly reflect a ruling on defendant's motion for summary disposition with respect to plaintiffs' breach of contract claim. However, it is apparent from the summary disposition hearing transcript that the trial court effectively denied that motion in that respect. The order also dismissed, by stipulation, plaintiffs' claims of negligence, gross negligence, and violation of the Michigan Consumer Protection Act ("MCPA"), MCL 445.901 *et seq*. (albeit while misidentifying the latter claim) pursuant to MCR 2.116(C)(8) (failure to state a claim). Plaintiffs' have not cross-appealed the trial court's dismissal of those claims.

-1-

contract with Big Moose on March 15, 2010 for the home-inspection services. Defendant Gary Robinson, acting as an agent of Big Moose, inspected and prepared a report regarding the Au Gres home on March 15, 2010. According to plaintiffs, they purchased the home, in reliance on Robinson's report, on May 25, 2010 for $345,000. Plaintiffs alleged that nearly three years later, when they began moving into the home, they became aware of "cracks in the interior drywall and unleveled floors in various areas." According to plaintiffs, "significant structural defects that existed at the time of the inspection . . . made the home unsafe for habitation." Had they known about these defects, plaintiffs maintain, they would have never purchased the home.

On February 20, 2014, plaintiffs filed suit against defendants. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (C)(8), arguing in part that plaintiffs' claims were barred by paragraph 10 of the parties' written agreement. Paragraph 10 states as follows:

> Client understands and agrees that any claim for failure to accurately report the visually discernible conditions at the subject property, shall be made in writing and reported to the inspector within ten business days of discovery. Client further agrees that, with exception of emergency conditions, Client or Client's agents, employees or independent contractors will make NO alterations, modifications or repairs to the claimed discrepancy prior to a re-inspection by the Inspector. Client understands and agrees that any failure to notify the Inspector as stated above shall constitute a waiver of any and all claims for said failure to accurately report the condition in question. *Furthermore, any legal action must be brought within one (1) years* [sic] *from the date of the inspection or will be deemed waived and forever barred.* [Emphasis added.]

Defendants argued that, under the Michigan Uniform Electronic Transactions Act (UETA), MCL 450.831 *et seq.*, plaintiff Theodore Harpham electronically signed the written agreement and therefore plaintiffs' claims were barred by the limitations provision of the agreement.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 241-242; 859 NW2d 238 (2014), questions regarding whether a claim is barred by a limitation period and regarding the legal effect of a contract clause, *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003), and issues involving the interpretation of statutory language, *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 34; 852 NW2d 78 (2014).

## III. ANALYSIS

The trial court erred in failing to grant defendants summary disposition on plaintiffs' breach of contract claim pursuant to MCR 2.116(C)(7). MCR 2.116(C)(7) provides in relevant part that summary disposition may be granted if a claim is barred by an applicable limitations period. *Timko v Oakwood Custom Coating Inc*, 244 Mich App 234, 238; 625 NW2d 101 (2001).

A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence. . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817, 823 (1999).]

Our Supreme Court has held that parties to a contract may agree to a shortened limitations period for suits arising from the breach of that contract. See *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005). However, in this case plaintiffs argue that the agreement with Big Moose was an oral one that contained no limitations period, and that they never agreed to the terms contained in the written inspection agreement. We disagree that plaintiffs have carried their burden of proof to avoid summary disposition on this issue.

"A valid contract requires mutual asset on all essential terms." *Eerdmans v Maki*, 226 Mich App 360, 364; 573 NW2d 329 (1997). Mutual assent may be evidenced by an electronic signature if the parties agree to conduct a transaction by electronic means. MCL 450.835(2); MCL 450.837. An electronic signature is "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign a record." MCL 450.832(h).

(1) An electronic record or electronic signature is attributable to a person if it is the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable.

(2) The effect of an electronic record or electronic signature attributed to a person under subsection (1) is determined from the context and surrounding circumstances at the time of its creation, execution, or adoption, including any agreements of the parties, and otherwise as provided by law. [MCL 450.839.]

Defendants supported their motion for summary disposition with an affidavit of Russell Buchanan, the president of HomeGauge, the company that provides Big Moose with its home inspection services software. In that affidavit, Buchanan explained how the software's electronic signature function operates. He described the process as follows:

a. The HomeGauge user sends an email to a potential client;

b. The email contains a link to HomeGauge's website, to a home inspections services company's potential client;

c. When the potential client receives the email and clicks on the link, it takes the potential client to HomeGauge's website;

d. Once the potential client gets to the HomeGauge website, he or she is provided an electronic copy of the home inspection services contract;

e. The potential client is asked to click a button indicating that he or she has read the home inspections contract and agrees to be bound to its terms of the agreement;

f. Clicking this button creates an e-signature on the home inspection services contract.

Buchanan averred that with respect to the contracted inspection of plaintiffs' property, "all of the above-stated steps . . . were accomplished in their usual and customary fashion." Buchanan's affidavit further states that he reviewed the history of all transactions between plaintiffs and Big Moose and determined that (1) an inspection agreement was uploaded to HomeGauge's website on March 12, 2010, (2) that an email was generated and sent to plaintiff Theodore Harpham that same day containing a link to the inspection agreement, (3) that Theodore Harpham clicked the link twice later that day, (4) that Theodore Harpham e-signed the agreement according to the procedures described above, and (5) that HomeGauge software generated and stored a record of that signature. Further, a document submitted with the affidavit by defendant indicates that notifications were sent and the inspection agreement was agreed to by the HomeGauge user profile "TedHarpham921," which was associated with plaintiff Cheri Leppek-Harpham's e-mail address, on March 12, 2010.[3]

Buchanan's affidavit and supporting documentation constitute sufficient evidence to support defendants' motion for summary disposition with respect to the breach of contract claim. *Quinto*, 451 Mich at 362. The process outlined by Buchanan meets the definition of an electronic signature under the UETA. Clicking the button imposed on the inspection agreement evidences the intent to sign the contract. MCL 450.832(h).

In response to this evidence, plaintiffs only provided their own affidavits, in which they denied having ever "read or been provided" with, "agreed, orally or in writing" to, or signed the inspection agreement or having ever otherwise agreed to limit Big Moose's liability in any way. However, mere conclusory statements regarding the authenticity of a signature are insufficient to avoid summary disposition; instead, a party must produce evidence supporting such a contention. See *Aetna Cas & Sur Co v Ralph Wilson Plastics Co*, 202 Mich App 540, 548; 509 NW2d 520 (1993). Under the facts of this case, plaintiffs have failed to provide any admissible evidence to sufficiently counter defendant's evidence that they electronically signed the agreement.

The plain language of that agreement unequivocally prevents plaintiffs from bringing claims that arise more than one year after the agreement was executed, March 12, 2010.

---

[3] The written contract reflects the following language directly beneath the blank "Signature of Client" line: "One signature binds all." Plaintiffs do not argue that a signature by one plaintiff would not bind both.

-4-

Therefore, their breach of contract claim, which was filed on February 20, 2014, is barred by the one-year contractual limitations period.

Reversed and remanded for the entry of an order granting summary disposition to defendants pursuant to MCR 2.116(C)(7) on plaintiffs' breach of contract claim. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra