*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ALEXANDER,

        Plaintiff-Appellant,

v

MADAR ABED, M.D., and ADVANCED
CARDIOVASCULAR CLINIC

        Defendants-Appellees.

UNPUBLISHED
February 10, 2025
2:21 PM

No. 368336
Genesee Circuit Court
LC No. 2023-118483-NH

Before: N. P. HOOD, P.J., and REDFORD and MALDONADO, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals by leave granted[1] the circuit court's order granting summary disposition to defendants, Madar Abed, M.D., and Advanced Cardiovascular Clinic, under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted). We affirm, albeit on different grounds than those stated by the trial court.

## I. BACKGROUND

This case arises from Dr. Abed's allegedly negligent treatment of plaintiff. On December 27, 2018, Dr. Abed performed a cardiac-ablation procedure on plaintiff in order to address plaintiff's atrial fibrillation. Plaintiff stated in his complaint that he did not notice any complications from this procedure until January 31, 2022, when he received a CT scan that showed a foreign body in his right external iliac vein. The cardiac-ablation procedure had involved access through the iliac vein. Because plaintiff had no other procedures involving this vein after the 2018 cardiac ablation, plaintiff and his physician determined that the foreign body was a retained catheter fragment from the 2018 procedure.

---

[1] *Alexander v Abed*, unpublished order of the Court of Appeals, entered August 21, 2024 (Docket No 368336).

-1-

Plaintiff issued a notice of intent to defendants on March 29, 2022, and he filed his complaint on January 31, 2023. In response, defendants moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8) on the grounds that plaintiff's claims were barred by the statute of limitations. Specifically, defendants argued that, after plaintiff learned of the retained catheter fragment on January 31, 2022, he had six months to issue his notice of intent. See MCL 600.5838a(2). He had issued it on March 29, 2022, which was four months and two days before the July 31, 2022 deadline to file this notice. The notice of intent gave plaintiff a 182-day tolling period, which lasted until September 27, 2022. See 600.2912b(1) According to defendants, the statutory limitations period therefore expired four months and two days later, on January 29, 2023; this was a Sunday, so the statutory limitations period expired the next day, on January 30, 2023, making plaintiff's complaint untimely.

In response to defendants' motion, plaintiff filed an affidavit stating that he did not discover the retained fragment until at least February 4, 2022, and he attached medical records purported to support this date of discovery. With this later date of discovery, plaintiff's complaint would have been timely filed. The trial court denied defendants' motion for summary disposition under MCR 2.116(C)(7) because it determined that, with his affidavit and medical records, plaintiff had established a genuine issue of material fact as to the date he learned of the fragment's presence; however, the court granted defendants' motion under MCR 2.116(C)(8) because plaintiff's complaint stated that he discovered the fragment on January 31, 2022. Given that the court was required to accept the allegations as true under subrule (C)(8), the court determined that January 31, 2022, was the date of discovery. Therefore, plaintiff's complaint was untimely.

Plaintiff moved for reconsideration, arguing the trial court should have granted him an opportunity to amend his complaint under MCR 2.116(I)(5). The trial court exercised its discretion under MCR 2.119(F)(2) to direct defendants to respond to plaintiff's motion for reconsideration. After erroneously stating that defendants failed to timely respond to plaintiff's motion, the trial court granted plaintiff's motion for reconsideration and held that defendants were not entitled to summary disposition under MCR 2.116(C)(8). The trial court concluded that under MCR 2.116(I)(5), it should have given plaintiff an opportunity to amend the complaint and subject notice to conform with the timeline identified in plaintiff's affidavit. It further concluded that the evidence before the trial court did not show that such an amendment would not be justified.

The trial court entered a supplemental order on plaintiff's motion for reconsideration recognizing that defendants timely responded to plaintiff's motion. In that supplemental order, the trial court reinstated its holding that defendants were entitled to summary disposition under MCR 2.116(C)(8). The trial court adopted defendants' arguments from their response to plaintiff's motion for reconsideration, which among other arguments, included that a trial court was not required to sua sponte offer plaintiff an opportunity amend when plaintiff failed to file a motion for leave to amend or provide a copy of any proposed amendment to the complaint as required by MCR 2.118. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8) and the trial court granted summary disposition

-2-

under MCR 2.116(C)(8). A court's review of the motion differs under these subrules in the deference given to plaintiff's factual allegations and the documents the reviewing court may consider.

Application of the statute of limitations to bar a claim is grounds for granting summary disposition under MCR 2.116(C)(7). When considering a motion under MCR 2.116(C)(7), the trial court must accept factual pleadings as true unless contradicted by documentation. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). The trial court must consider the affidavits, pleadings, depositions, and other documentary evidence and determine if there is a genuine issue of material fact. *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*.

MCR 2.116(C)(8) "tests the legal sufficiency of the complaint." *Masrur v Regents of Univ of Mich*, 344 Mich App 102, 109; 999 NW2d 55 (2022) (quotation marks and citation omitted). "We accept all factual allegations in the complaint as true, deciding the motion on the pleadings alone." *Mays v Governor*, 506 Mich 157, 173; 954 NW2d 139 (2020) (opinion by BERNSTEIN, J.). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

Additionally, "[w]e review a trial court's decision on a motion to amend pleadings for an abuse of discretion." *Pittsfield Charter Twp v Washtenaw Co Treasurer*, 338 Mich App 440, 458; 980 NW2d 119 (2021). A court has abused its discretion when its decision falls "outside the range of principled outcomes." *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131; 3 NW3d 559 (2022) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted). We also review de novo the interpretation and application of court rules. *Tyler v Findling*, 508 Mich 364, 369; 972 NW2d 833 (2021).

III. ANALYSIS

Plaintiff argues the trial court erred by granting summary disposition under MCR 2.116(C)(8) because it improperly prevented plaintiff from amending his complaint to add the correct date of discovery. We conclude summary disposition was proper under MCR 2.116(C)(7).

The trial court granted summary disposition under MCR 2.116(C)(8) on the basis that plaintiff's complaint was untimely. As an initial matter, this was the incorrect subrule to grant summary disposition on the basis that a claim is barred by the statute of limitations. A motion for summary disposition based on the argument that a claim is barred by the statute of limitations is properly brought under MCR 2.116(C)(7). MCR 2.116(C)(8) is used to dismiss a claim that is legally insufficient to establish a prima facie case, *Radtke v Everett*, 442 Mich 368, 373; 501 NW2d 155 (1993), not passage of the statute of limitations. The running of the statute of limitations is an affirmative defense, see MCR 2.111(F)(3)(a), which, if applicable, eliminates legal liability even if the plaintiff establishes a prima facie case, see *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993).

Regardless, assuming for purposes of this appeal only that MCR 2.116(C)(8) was applicable, we conclude the trial court did not err by granting summary disposition or abuse its discretion by denying plaintiff's motion for reconsideration. The trial court granted summary disposition on the basis that, when accepting plaintiff's allegations as true as required under subrule (C)(8), the date of discovery was January 31, 2022, making the complaint untimely. Plaintiff does not contest that, as pleaded, his complaint was untimely. However, plaintiff argues the trial court should have granted him leave to amend his complaint.

MCR 2.116(I)(5) states that, when the trial court grants summary disposition under MCR 2.116(C)(8), (9), or (10), the court "shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5) fully incorporates MCR 2.118, which provides that "[a]mendments must be filed in writing . . . ." MCR 2.118(A)(4). A party who makes an oral request to amend a complaint under MCR 2.116(I)(5) is required to "offer a proposed amendment in writing." *Grayling Twp v Berry*, 329 Mich App 133, 151-152; 942 NW2d 63 (2019). "If a plaintiff fails to do so, the plaintiff has failed to comply with the court rule and the trial court does not abuse its discretion by denying the request to amend." *Id*. at 152. In this case, plaintiff did not offer a proposed amendment to his complaint in writing. Because plaintiff failed to offer a proposed amendment in writing, the trial court did not abuse its discretion by denying plaintiff's request to amend his complaint.[2]

Turning to MCR 2.116(C)(7), defendants argue the trial court erred when it determined there was a genuine issue of fact under MCR 2.116(C)(7) as to the date plaintiff discovered the retained fragment because a plaintiff may not create an issue of fact by contradicting a complaint with an affidavit. We agree.[3]

Plaintiff's complaint states that he discovered complications arising from the 2018 surgery on January 31, 2022, when he received a CT scan that showed a foreign body in his right external iliac vein. As previously stated, plaintiff does not contest that, as pleaded, his complaint was untimely. Following defendants' motion for summary disposition, plaintiff filed an affidavit averring that he did not learn of the catheter fragment until February 4, 2022 or later and included a report of a CT scan performed on January 31, 2022, but printed on February 4, 2022. Plaintiff

---

[2] Our conclusion that MCR 2.116(I)(5) was inapplicable renders plaintiff's remaining argument that an amendment was justified moot. See *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018) ("An issue is moot when a subsequent event makes it impossible for this Court to grant relief.).

[3] Plaintiff argues that defendants cannot raise MCR 2.116(C)(7) as a possible alternative ground for summary disposition without filing a cross-appeal. This is incorrect. We may affirm the trial court for reaching the correct result for the wrong reason. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003). Regardless, an appellee is not required to file a cross-appeal when arguing alternative grounds to affirm the trial court's decision, even if the trial court has considered and rejected those grounds, *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, 345 Mich App 649, 668 n 4; 9 NW3d 104 (2023).

argues that this evidence created a genuine issue of material fact regarding the date of discovery such that summary disposition under MCR 2.1116(C)(7) was improper.

When reviewing a motion under MCR 2.116(C)(7), a trial court must consider all documentary evidence submitted by the parties. *Dextrom*, 287 Mich App at 429. The trial court must accept the contents of the complaint as true unless contradicted by documentation. *Id*. at 428. However, it is well-established that "a party may not create issues of fact through contradiction of that party's prior sworn statements." *Progressive Timberlands, Inc v R & R Heavy Haulers, Inc*, 243 Mich App 404, 411; 622 NW2d 533 (2000). "[W]hen a party makes statements of fact in a 'clear, intelligent, unequivocal' manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480; 633 NW2d 440 (2001) (quotation marks and citation). The purpose of this rule is to protect the utility of the summary-disposition procedure which would be diminished by permitting parties to contrive issues of fact. *Id*. at 481.

This rule has typically been applied to contradictions between affidavits and deposition testimony. See, e.g., *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 257; 503 NW2d 728 (1993). This Court has also accepted application of this rule to affidavits that contradict other sworn testimony such as interrogatory answers. *Atkinson v Detroit*, 222 Mich App 7, 11-12; 564 NW2d 473 (1997). Recently, in a case in which a plaintiff provided arguably conflicting testimony during a single deposition testimony, this Court declined to adopt a bright-line rule of exclusion or nonexclusion and instead adopted a case-by-case approach to determine whether a contradiction in a single deposition lends itself to a genuine issue of material fact. *Bakeman v Citizens Ins Co of the Midwest*, 344 Mich App 66, 77-78; 998 NW2d 743 (2022). In that case, the Court concluded a single individual testifying at a single deposition was less likely to be thwarting a procedural rule, particularly when that individual demonstrated a lack of guile. *Id*. at 78. Although this rule generally applies to sworn statements, plaintiff has cited no authority permitting the party who drafted the complaint to disavow the complaint's contents to create a factual issue.

We conclude, by analogy, that for purposes of summary disposition, a plaintiff cannot disavow clear, intelligent, and unequivocal facts pleaded in his complaint in the absence of any explanation or modification, or of a showing of mistake or improvidence. A "sworn declaration" is defined as "a declaration in a signed record given under oath" including "a sworn statement, verification, certificate, and affidavit." MCL 600.2182(f). A complaint is a pleading, MCR 2.110(A)(1), and "[a]ll statements made in a pleading are subject to the requirements of MCR 1.109(D)(3) and (E)." MCR 2.111(A). MCR 1.109(E) concerns the effects of signatures; it does not refer to sworn statements, verifications, or affidavits. However, it does indicate that the signature of a person signing a document "constitutes a *certification* by the signer" that the document is well-grounded in fact. MCR 1.109(E)(5)(b) (emphasis added). Permitting a plaintiff to contradict basic facts reasonably within his own knowledge in his own complaint, sworn or unsworn, diminishes the utility of the summary-disposition procedure. See *Dykes*, 246 Mich App at 480.

In this case, plaintiff filed a complaint alleging January 31, 2022, was the date he discovered the alleged malpractice, stating unequivocally "plaintiff had no known or apparent complications from the performance of the procedure until he discovered January 31, 2022 that a

catheter fragment was present in the right external iliac vein." He personally signed the complaint. When plaintiff signed his complaint, he certified it was well-grounded in fact. See MCR 1.109(E)(5)(b). Plaintiff reaffirmed that January 31, 2022 was the date of discovery in a subsequent filing in response to then-defendant McLaren Regional Medical Center's motion for summary disposition that argued plaintiff did not send a notice of intent to sue and failed to timely file an affidavit of merit. In that responsive filing, plaintiff stated, "plaintiff's claim accrued when he discovered on January 31, 2022 that a catheter fragment was left in his body;" "there is no evidence in the pleadings which would demonstrate that he was informed sometime before January 31, 2022 that the defendant surgeon left a catheter fragment in his groin;" and "plaintiff was informed January 31, 2022 that a foreign body was left in his body." Plaintiff did not assert that the actual date of discovery was on February 4, 2022 or later until defendants moved for summary disposition under MCR 2.116(C)(7) and (C)(8).

Plaintiff could not create an issue of fact by contradicting unequivocal facts in his complaint with his later affidavit, and the trial court erred by determining otherwise. Plaintiff clearly and unequivocally stated in his complaint that the date of discovery was January 31, 2022. He reaffirmed that date in a subsequent filing. Plaintiff only attempted to disavow this date of discovery after defendants moved for summary disposition on the basis that his complaint was untimely. He did not offer a specific date of discovery, and instead offered conjecture that the date of discovery was February 4, 2022 or sometime after. He offered no explanation in his affidavit why the date in his complaint, a fact well within his knowledge, was a mistake or improvidence. We further note that, when considered alone, the CT scan report plaintiff submitted with his affidavit, which states that the CT scan was performed on January 31, 2022, did not create a genuine issue of fact. It merely showed that the document was printed on February 4, 2022. Summary disposition was proper under MCR 2.116(C)(7).[4]

## IV. CONCLUSION

The trial court should not have granted summary disposition under MCR 2.116(C)(8), but the trial court should have granted summary disposition under MCR 2.116(C)(7) because plaintiff could not contradict his prior complaint with his affidavit. Accordingly, the trial court reached the correct result for the wrong reason. See *Gleason*, 256 Mich App at 3.

Affirmed.

/s/ Noah P. Hood
/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado

---

[4] MCR 2.116(I)(5) provides that the court shall give the parties an opportunity to amend their pleadings when a party moves for summary disposition under MCR 2.116(C)(8), (9), or (10). Because summary disposition should have been granted under MCR 2.116(C)(7), the opportunity to amend the complaint was unavailable.