YPSILANTI TOWNSHIP v EDWARD ROSE BUILDING COMPANY

Docket No. 52950. Submitted August 17, 1981, at Lansing.—Decided December 16, 1981.

Edward Rose Building Company was refused building permits by Ypsilanti Township on the ground that its proposed specifications did not conform to those required by the local construction code. Upon resubmission of its application, Rose was issued the permits on the condition that the buildings constructed conform to the township's specifications. Thereafter, following the beginning of construction, a township building inspector determined that Rose's buildings did not conform to township specifications and issued a stop work order. Rose failed to comply with the order, and the township subsequently petitioned the Washtenaw Circuit Court for an order to enjoin Rose from further construction of buildings not conforming to township specifications. The matter was adjourned to allow Rose to seek relief from the township construction board of appeals, which upheld the inspector's actions. Thereupon, the proceedings in the circuit court resumed, and, following a hearing, the court determined that the township inspector had discretionary power to interpret the State Construction Code and permanently enjoined Rose from further construction not in compliance with the local code. Rose sought leave to appeal in and moved for immediate consideration by the Court of Appeals, which application and motion were granted, the permanent injunction was vacated, and a temporary injunction was issued, prohibiting Rose from continuing construction without a permit. Rose was ordered to appeal the decision of the township construction board to the State Construction Code Commission, which, following a hearing, found that Rose's specifications complied fully with the State Construction Code and reversed the local board's decision. Rose then moved in Washtenaw Circuit Court for an order dissolving the temporary injunction entered by the Court of Appeals, which motion was granted,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Buildings § 8.
[2] 13 Am Jur 2d, Buildings §§ 2, 5.
[3] 13 Am Jur 2d, Buildings §§ 2, 5.

and the township's renewed petition for a permanent injunction was denied, Edward D. Deake, J. The township appeals. *Held:*

1. The township should have appealed the commission's decision directly to the Court of Appeals rather than renewing its petition for a permanent injunction in the circuit court. However, the Court of Appeals chooses to treat this appeal as a delayed appeal from the commission's order, thereby reaching the merits of the township's claim.

2. The township officially adopted the State Construction Code. Pursuant to the provisions of the code, the township is precluded from requiring specifications in excess of those under the code. The township's more restrictive requirements are inconsistent with the code, and, because Rose's proposed specifications were in compliance with the State Construction Code, the commission and the circuit court properly ruled that Rose cannot be denied a building permit.

3. The adoption of the State Construction Code by the commission did not violate the due process rights of the township's citizens.

Affirmed.

1. ADMINISTRATIVE LAW — STATE CONSTRUCTION CODE — BUILDING PERMITS — APPEAL.

A person who is refused a building permit may apply to the local construction board of appeals for relief; if aggrieved by the decision of the local board, the person may then appeal to the State Construction Code Commission, and, where aggrieved by the commission's decision, the person may appeal directly to the Court of Appeals (MCL 125.1514, 125.1516, 125.1518; MSA 5.2949[14], 5.2949[16], 5.2949[18]).

2. ADMINISTRATIVE LAW — STATE CONSTRUCTION CODE — LOCAL CONSTRUCTION CODES.

The State Construction Code Commission, in promulgating rules governing the construction of buildings pursuant to its authority, specifically declined to give local authorities power to amend the State Construction Code, and, although a local authority may exempt itself entirely from the rules promulgated by the commission, once adopted the local authority has no discretion to alter any specifications so as to be in excess of those required under the code; thus a local authority may not deny a person a building permit on the ground that his proposed specifications are not in compliance with local specifications where the proposed specifications comply with those

contained in the State Construction Code (MCL 125.1504, 125.1508; MSA 5.2949[4], 5.2949[8]).

3. ADMINISTRATIVE LAW — STATE CONSTRUCTION CODE — DUE PROCESS.

The promulgation of the State Construction Code by the State Construction Code Commission pursuant to its authority did not violate the due process rights of local citizens by denying local authorities discretion to interpret the code in light of local conditions upon their adoption of the code because local authorities have the power to exempt themselves prior to adopting the code by adopting another nationally recognized model building code (MCL 125.1504, 125.1508; MSA 5.2949[4], 5.2949[8]).

*Collins & McCormick,* for plaintiff.

*Dell, Shantz, Booker & Schulte,* for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. This is an appeal from the trial court's July 18, 1980, order denying plaintiff's motion for injunctive relief against defendant. The case requires us to interpret the Michigan Construction Code, promulgated under the State Construction Code Act of 1972, MCL 125.1501 *et seq.;* MSA 5.2949(1) *et seq.,* which was adopted in its entirety as the local construction code by plaintiff Ypsilanti Township.

In April of 1979, defendant Edward Rose Building Company applied to the township for building permits to construct three model homes. Defendant's applications were denied because defendant proposed using 3/8-inch plywood for roof sheathing and a ceiling height of 7 feet for the basement areas. The township required 1/2-inch plywood for roof sheathing and a basement height of 7-1/2 feet. On June 12, 1979, defendant resubmitted applications for building permits, and on June 26, 1979, permits were issued on the condition that the

buildings conform to the township specifications. After the permits were issued, defendant began constructing the model houses.

On July 19, 1979, the township building official inspected the building site and determined that defendant was constructing the homes with 3/8-inch plywood for the roofs and with basement ceiling heights of only 7 feet in violation of the specifications set forth in the building permits. Accordingly, the inspector issued a stop work order. When defendant failed to comply with this order, plaintiff filed a petition in the Washtenaw County Circuit Court for an order to show cause. The matter was adjourned to allow defendant to seek relief from the Ypsilanti Township Construction Board of Appeals. On August 9, 1979, the board of appeals upheld the action of the township's building official, and proceedings were then continued in circuit court on August 17, 1979.

In an order dated September 19, 1979, the trial court granted permanent injunctive relief to Ypsilanti Township. The court concluded that the township building official had discretionary power to interpret the State Construction Code and should not be overruled absent an abuse of discretion. Defendant therefore was enjoined permanently from building single family residences with roof sheathing of less than 1/2-inch and basement ceilings of less than 7-1/2 feet in Ypsilanti Township. Defendant's "counter-complaint" for injunctive relief against Ypsilanti Township was denied.

On September 28, 1979, defendant filed an application for leave to appeal and a motion for immediate consideration, which was granted by this Court. In an order dated October 23, 1979, this Court vacated the permanent injunction granted by the trial court and entered a temporary injunc-

tion prohibiting defendant from constructing houses without a permit. The Court specifically stated that the injunction would be without prejudice to defendant's right to appeal the Ypsilanti Township Construction Board of Appeals decision to the State Construction Code Commission. The Court further directed that the temporary injunction would be subject to review in circuit court if the defendant secured a reversal of the denial of his building permit either from the State Construction Code Commission or thereafter on judicial review.

Pursuant to the order of this Court, defendant appealed the decision of the Ypsilanti Township Construction Board of Appeals to the State Construction Code Commission, as provided under MCL 125.1516; MSA 5.2949(16). Thereafter, on May 15, 1980, the commission issued an opinion in which it found that defendant's building plans complied fully with the State Construction Code and therefore reversed the decision of the Ypsilanti Township Construction Board of Appeals. Defendant then moved in circuit court for an order dissolving the temporary injunction entered by the Court of Appeals.

Following a hearing held June 6, 1980, the trial judge dissolved the temporary injunction and ordered a hearing on defendant's petition for a permanent injunction and on defendant's claim for damages. In addition, the trial court ordered a hearing on Ypsilanti Township's claim for a permanent injunction. Following a hearing held June 20, 1980, the trial court denied plaintiff's request for a permanent injunction. An order to that effect was entered on July 18, 1980. Plaintiff appeals the final order of the trial court.

We first note that plaintiff has failed to follow

the proper procedures for review of the State Construction Code Commission's decision. The statute provides that where building officials refuse to issue a building permit, a builder may apply to the local construction board of appeals for relief. MCL 125.1514; MSA 5.2949(14). A person aggrieved by the local board of appeals's decision may then appeal to the State Construction Code Commission pursuant to MCL 125.1516; MSA 5.2949(16). An appeal from the commission's decision must be made directly to the Court of Appeals. MCL 125.1518; MSA 5.2949(18). In the instant case, plaintiff did not appeal the commission's decision but, rather, renewed its petition for injunctive relief in the circuit court. Nonetheless, we choose to treat the present appeal as a delayed application for appeal from the commission's order of May 15, 1980, thereby reaching the merits of plaintiff's claim.

The commission found that defendant's proposed specifications were in conformance with the Michigan Construction Code. On appeal, plaintiff concedes that the provisions of the State Construction Code authorized defendant's building plans but contends that the township building official had discretion to designate building specifications in excess of the minimum requirements set forth in the State Construction Code.

The State Construction Code Act of 1972, MCL 125.1501 *et seq.; MSA 5.2949(1) et seq.,* established the State Construction Code Commission, MCL 125.1503; MSA 5.2949(3), which is charged with promulgating rules governing the construction of buildings. MCL 125.1504; MSA 5.2949(4). Under its rule-making authority, the commission adopted as the State Construction Code those rules governing the construction of buildings contained in the

Basic Building Code, together with numerous exceptions, amendments and additions. The Basic Building Code is a nationally recognized model building code written by the Building Officials & Code Administrators International, Inc. (BOCA), which is a private association of building officials and code enforcement officials. At the time defendant applied for its building permits, the 1975 edition of the BOCA Basic Building Code, as amended by the State Construction Code Commission, was in effect.

Although the commission adopted substantially all of the BOCA Basic Building Code as the construction code for this state, it did not adopt the BOCA code in total. At the time defendant applied for the building permits, 1976 AACS, R 408.30401 provided in part:

"Rules governing the construction, alteration, relocation, demolition, use, and occupancy of buildings and structures shall be those contained in the Basic Building Code, 1975 edition, except sections 109.1, 109.3 * * *."

Significantly, BOCA Basic Building Code, § 109.1 was not adopted by the commission. That section provided in part:

"The building official shall have power as may be necessary in the interest of public safety, health and general welfare to adopt and promulgate rules and regulations to interpret and implement the provisions of this code to secure the intent thereof and to designate requirements applicable because of local climatic or other conditions * * *."

Thus, the commission specifically declined to give local authorities power to amend the State Construction Code.

Under MCL 125.1508; MSA 5.2949(8), plaintiff Ypsilanti Township had the option of exempting itself from the State Construction Code Act and the rules promulgated thereunder, and could have adopted another nationally recognized model building code. However, by its ordinance No. 73, plaintiff adopted the State Construction Code in its entirety and charged its building official with the enforcement of it.

Section 108.1 of the Basic Building Code, which was adopted by the State Construction Code Commission, provides in part:

"The building official shall enforce all the provisions of this code and shall act on any question relative to the mode or manner of construction and the materials to be used in the erection, addition to, alteration, repair, removal, demolition, installation of service equipment, and the location, use, occupancy, and maintenance of all buildings and structures, except as may otherwise be specifically provided for by statutory requirements * * *."

Plaintiff contends that this section conferred discretionary authority on the township building official to interpret the State Construction Code and apply greater restrictions which it deemed necessary for the public safety and welfare. It is a well-settled rule of construction that words employed in a statute must be given their common meaning. *Oppenhuizen v City of Zeeland,* 101 Mich App 40, 49; 300 NW2d 445 (1980). Applying this principle to § 108.1 it is clear that the section gives a local building official the authority to examine the materials used in a particular construction project and to determine whether a specific structure will conform to the standards of the State Construction Code. We do not read § 108.1 as

giving the local building official discretion to create specifications in excess of those required under the code. The State Construction Code Commission correctly ruled that defendant's proposed specifications were in compliance with the State Construction Code and that the township's more restrictive requirements were inconsistent with the code.

Plaintiff also contends that the commission's adoption of former Rule 401, 1976 AACS, R 408.30401, which expressly excepts § 109.1 of the BOCA Basic Building Code from the State Construction Code, violated the due process rights of the township's citizens because there was no notice that § 109.1 was excepted. Plaintiff says that at the time the code was originally adopted, it included BOCA Basic Building Code, § 109.1, and that when the township adopted the State Building Construction Code by ordinance in 1975, § 109.1 was interpreted as vesting broad discretion in the township official to interpret the State Building Code in light of local conditions. Plaintiff argues that the commission amended Rule 401 in 1976, making BOCA, § 109.1 inapplicable, and in doing so failed to afford due process notice to local governmental units who would be most affected by the amendment.

Plaintiff's argument is factually incorrect. Rule 401, 1974 AACS, R 408.30401, as originally adopted by the commission, effective November 6, 1974, specifically excepted BOCA Basic Building Code, § 109.1 from the State Construction Code. Accordingly, at the time the township adopted the State Construction Code by ordinance in 1975, Basic Building Code, § 109.1 was not in effect. It is clear that the commission had authority under the statute to adopt selected portions of the Basic Building Code and to amend, add to, or omit

sections according to the needs of the citizens of this state. *City of Warren v State Construction Code Comm,* 66 Mich App 493; 239 NW2d 640 (1976).

The decisions of the State Construction Code Commission and the trial court are affirmed.

Affirmed. No costs.