GIBSON v NEELIS

Docket No. 197140. Submitted July 2, 1997, at Grand Rapids. Decided December 23, 1997, at 9:20 A.M.

Donna Gibson, as personal representative of the estate of Brenda L. Gibson, brought an action in the Mackinac Circuit Court against Paul R. Neelis, alleging that the decedent died wrongfully in a fire in an apartment building owned by the defendant as a result, in part, of the defendant's failure to install smoke detectors in the building. The court, Nicholas J. Lambros, J., granted partial summary disposition in favor of the defendant, ruling that the defendant was under no statutory or regulatory obligation to have smoke detectors in the building. The plaintiff appealed.

The Court of Appeals *held*:

The Building Officials and Code Administrators National Building Code (BOCA), as adopted by the State Construction Code Commission at 1988 AACS, R 408.30401, applies to all existing and proposed structures. 1988 AACS, R 409.30403.1 amended § 103.1 of the BOCA to provide that the legal use and occupancy of any structure existing on the effective date of enforcement or for which it had been previously approved may be continued without change, except as may be specifically covered in the code or as may be deemed necessary by the building official for the general safety and welfare of the occupants and the public. In this case, the defendant's building existed before the effective date of enforcement and the building inspector did not require the installation of smoke detectors. Thus, unless Article 10 of the BOCA, which requires smoke detectors in all buildings, applied to the defendant's building, the defendant was under no statutory or regulatory requirement to have smoke detectors in the building. 1988 AACS, R 408.30403.1 exempts existing structures from Article 10 of the BOCA because it would render Rule 408.30403.1 meaningless if it were construed otherwise.

Affirmed.

ADMINISTRATIVE LAW — STATE CONSTRUCTION CODE — SMOKE DETECTORS — EXISTING STRUCTURES.

1988 AACS, R 408.30403.1—which provides that the legal use and occupancy of any structure existing on the effective date of

enforcement of the Building Officials and Code Administrators National Building Code may be continued without change, except as may be specifically covered in the code or as may be deemed necessary by the building official for the general safety and welfare of the occupants and the public—exempts any such existing structure from the requirements of Article 10 of the national building code, fire protection systems, including the requirement of smoke detectors (1988 AACS, R 408.30401 *et seq.*).

*Peter J. Lyons*, for the plaintiff.

*Sullivan, Crowley & Beeby, P.C.* (by *James I. Sullivan*), for the defendant.

Before: SAAD, P.J., and NEFF and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from an amended order denying plaintiff's motion for reconsideration of the trial court's decision to take judicial notice of law, granting defendant's motion for partial summary disposition, and dismissing plaintiff's remaining claims. We affirm.

Plaintiff's decedent died of carbon monoxide poisoning in a November 14, 1990, fire in her apartment building in the City of St. Ignace, Michigan. The building, owned by defendant, was not equipped with smoke detectors. Plaintiff filed suit under the wrongful death act, MCL 600.2922; MSA 27A.2922, alleging two counts of negligence on the part of defendant. In count I, plaintiff alleged that defendant was liable under principles of common-law premises liability for various conditions throughout the building, including the absence of smoke detectors. In count II, plaintiff alleged that defendant was also liable for certain violations of the duty of care imposed by the Building Officials and Code Administrators National Building Code of 1987 (BOCA).

In response to a request from defendant, the trial court took judicial notice of law and announced that no local or state law, including the common law, required the installation of smoke detectors in defendant's building at the time of the fire that killed plaintiff's decedent. Defendant then moved for partial summary disposition pursuant to MCR 2.116(C)(8) with respect to all negligence claims based on the alleged absence of smoke detectors in defendant's building. In response, plaintiff answered defendant's motion for partial summary disposition and moved for reconsideration of the trial court's decision to take judicial notice of law. After a hearing on both motions, the trial court denied plaintiff's motion for reconsideration and granted defendant's motion for partial summary disposition. The trial court reasoned that, subject to certain exceptions, the state administrative rules adopting the BOCA specifically exempted "existing structures" from its provisions, including the provision requiring the installation of smoke detectors. See 1988 AACS, R 408.30401 *et seq.* Defendant's motion for partial summary disposition was granted solely on this basis, and plaintiff's remaining claims, based on theories of liability apart from defendant's alleged failure to install smoke detectors, were voluntarily dismissed to achieve a final appealable order.

This Court reviews de novo a trial court's decision to grant a motion for summary disposition. *Atkinson v Detroit*, 222 Mich App 7, 9; 564 NW2d 473 (1997). If summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart. *Royce v Citizens Ins Co*,

219 Mich App 537, 541; 557 NW2d 144 (1996). In deciding a motion for summary disposition brought under MCR 2.116(C)(8), a trial court may look only to the parties' pleadings. However, in deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), a trial court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). Summary disposition may be granted pursuant to MCR 2.116(C)(10) if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Atkinson, supra* at 9. Here, the trial court looked beyond the pleadings and relied on documentary evidence regarding certain facts unique to the building in question to determine whether defendant was required to install smoke detectors. Accordingly, we will address this issue as if defendant's motion for partial summary disposition had been granted pursuant to MCR 2.116(C)(10). See *Royce, supra* at 541. When reviewing such a motion, this Court must consider the material available to it in a light most favorable to the nonmoving party and determine whether there exists a genuine issue of material fact on which reasonable minds could differ or whether the moving party is entitled to judgment as a matter of law. *Tranker v Figgie Int'l, Inc,* 221 Mich App 7, 11; 561 NW2d 397 (1997).

On appeal, plaintiff challenges only the trial court's interpretation of defendant's legal duties under Michigan's statutory and regulatory scheme. Plaintiff does not argue that the trial court erred with respect to the

issue of defendant's common-law duty.[1] Accordingly, we will not address the propriety of the trial court's decision with respect to defendant's duties under the common law. *Marx v Dep't of Commerce*, 220 Mich App 66, 81; 558 NW2d 460 (1996). The precise question presented is whether Michigan statutory or regulatory law required the installation and maintenance of smoke detectors in defendant's building on November 14, 1990, when the fire occurred. Defendant argues that he was not required to install and maintain smoke detectors because his building was in existence before the adoption of the state construction code. We agree.

The State Construction Code Act of 1972, MCL 125.1501 *et seq.*; MSA 5.2949(1) *et seq.*, established the State Construction Code Commission, MCL 125.1503; MSA 5.2949(3), which is charged with preparing and promulgating rules governing the construction, use, and occupation of buildings, MCL 125.1504(1); MSA 5.2949(4)(1). *Ypsilanti Twp v Edward Rose Bldg Co*, 112 Mich App 64, 69; 315 NW2d 196 (1981). In 1988, the State Construction Code Commission adopted by reference the BOCA, together with certain amendments, additions, and deletions. See 1988 AACS, R 408.30401. Section 100.2 of the BOCA provided that the code regulations controlled "all matters concerning the construction, alteration, addition, repair, removal, demolition, use, location, occupancy, and maintenance of all buildings and structures." Furthermore, according to this section, the code was to apply to all existing and proposed

---

[1] The issue of defendant's common-law liability was not raised in plaintiff's statement of questions presented or addressed in the argument section of her brief on appeal.

structures, except as otherwise provided. See BOCA, § 100.2.

With respect to existing structures, the State Construction Code provided:

> The legal use and occupancy of any structure existing on the effective date of enforcement or for which it had been previously approved *may be continued without change, except as may be specifically covered in the code* or as may be deemed necessary by the building official for the general safety and welfare of the occupants and the public. [1988 AACS, R 408.30403.1, amending BOCA, § 103.1 (emphasis added).]

The parties do not dispute that defendant's building was an existing structure before the effective date of enforcement. Roy Carlson, the St. Ignace building inspector, swore in an affidavit that defendant's building was in existence since at least 1946 and that, to the best of his knowledge, he never told defendant that the building was a safety hazard without smoke detectors or that defendant should install smoke detectors. Thus, because the installation of smoke detectors was not required by statute or rule before the effective date of enforcement and not deemed necessary by the building official, we must determine whether a change in the use was specifically covered by another provision of the code. We conclude that it was not.

Article 10 of the BOCA addressed "Fire Protection Systems." The first section of Article 10, entitled "scope," provided that "this article shall specify where fire protection systems are required in all buildings or structures or portions thereof." BOCA, § 1000.1. Pursuant to § 1018.3.5, smoke detectors were required in the immediate vicinity of bedrooms and on every

floor, including the basement, of structures classified as "Use Group R-3." Defendant's apartment building was classified as "Use Group R-3." See BOCA, § 309.4. Because the provisions in Article 10 "specifically covered" the use of smoke detectors in "all buildings," but did not specifically provide that a change in use was required for existing structures, reasonable minds could differ with respect to whether the general exception allowing for the continuation of existing uses applied to the provision requiring the installation and maintenance of smoke detectors.

Judicial construction is appropriate where reasonable minds could differ regarding the meaning of a statute. See *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 295; 549 NW2d 47 (1996). The rules of statutory construction also govern the construction of administrative rules. *Sanchez v Lagoudakis (On Remand)*, 217 Mich App 535; 552 NW2d 472 (1996). When construing a statute, a court should presume that every word has some meaning. *Tiger Stadium Fan Club, Inc v Governor*, 217 Mich App 439, 457; 553 NW2d 7 (1996). A construction rendering some part nugatory or surplusage should be avoided. *Id.* Here, if the articles of the BOCA that were generally applicable to "all buildings," such as Article 10,[2] were construed to apply equally to existing buildings, and therefore to override the general exception allowing for continuation of existing uses contained in 1988 AACS, R 408.30403.1, amending § 103.1 of the BOCA, the exception would serve no apparent purpose apart

---

[2] Compare Article 10 to Articles 5, 7, 8, and 11, which specifically provided different rules for existing buildings as opposed to those for new construction. See BOCA, §§ 500.1, 505.0, 700.1, 702.0, 800.1, 804.0, 1100.1, 1105.0.

from allowing for the continuation of existing uses that were not addressed by the code at all. We think this construction, which would have rendered 1988 AACS, R 408.30403.1 essentially meaningless, is unreasonable. Instead, we construe 1988 AACS, R 408.30403.1 to have been applicable as an exception to the fire protection provisions of Article 10, which did not specifically provide for any changes in the use of existing structures.

Moreover, deviation from the language in a model act is presumed to be deliberate. *In re Childress Trust*, 194 Mich App 319, 326; 486 NW2d 141 (1992). Before being amended by the State Construction Code Commission, § 103.1 of the BOCA provided that existing uses could be continued without change, "except as may be specifically covered in *this* code, *the existing structures or fire prevention codes listed in Appendix A . . . .*" BOCA, § 103.1 (emphasis added). The State Construction Code Commission omitted the references to the existing structures and fire prevention codes, both of which would have specifically required the installation of a smoke detector in defendant's building. See BOCA Existing Structures Code of 1987, § ES-904.4; BOCA Fire Prevention Code of 1987, § PM-704.5. This evidences an intent on the part of the State Construction Code Commission to avoid the specific requirements imposed by these codes, including the installation of smoke detectors in existing structures. For these reasons, we hold that the trial court did not err in concluding that the Michigan statutory and regulatory scheme did not require the installation of smoke detectors in defendant's building at the time of the fire in November of 1990. Accordingly, we affirm the trial court's grant of partial

summary disposition in favor of defendant. *Tranker, supra* at 11.

Affirmed.