# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2007

131984 & (54)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

STEVEN G. SICKLES, ANNAMARIE F.
SICKLES, and SARAH L. SICKLES,
          Plaintiffs-Appellants/
          Cross-Appellees,

and

ANNETTE M. SICKLES,
          Plaintiff/Counter Defendant-
          Appellant/Cross-Appellee,

v

          SC: 131984
          COA: 266722
          St. Clair CC: 04-002442-CZ

HOMETOWN AMERICA, LLC,
          Defendant/Counter Plaintiff-
          Appellee/Cross-Appellant,

and

STERN CONSTRUCTION & TRANSPORT, LLC,
          Defendant-Appellee.
_____/

        On order of the Court, the application for leave to appeal the June 13, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals that found the defendants immune from suit under MCL 600.2918(3) because "plaintiffs' allegations unquestionably directly arose as a result of the eviction performed by Hometown America and its agent." Slip op, p 5. The plain language of MCL 600.2918(3) provides immunity only for actions undertaken pursuant to an order of eviction. Accepting the plaintiffs' well-pleaded factual allegations as true, and construing them in a light most favorable to the plaintiffs, certain of the defendants' actions, including the conversion and destruction of plaintiffs' property in a manner that was neither necessary to effect the eviction nor incidental to the process of eviction, cannot be said as a matter of law to be within the scope of the July 7, 2004 order of eviction, and hence, may not have been undertaken pursuant to that order. Thus, the

circuit court erred in granting summary disposition to the defendants under MCR 2.116(C)(7).  We REMAND this case to the St. Clair Circuit Court for further proceedings not inconsistent with this order.  The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2007

Clerk

s0403