# STATE OF MICHIGAN

# COURT OF APPEALS

SUZETTE BARNABY and OWEN BARNABY,

UNPUBLISHED
April 23, 2015

Plaintiffs-Appellants,

v

No. 318073
Berrien Circuit Court
LC No. 12-000173-CZ

PCI, HENRY GRIFFIN, and BELINDA GRIFFIN,

Defendants-Appellees.

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs Suzzette Barnaby and Owen Barnaby appeal[1] as of right the trial court's entry of judgment in favor of the Griffin defendants following a bench trial and also challenge the trial court's grant of summary disposition to defendant PCI under MCR 2.116(C)(7), (8), and (10).[2] We affirm.

On February 14, 2012, an order of eviction was entered regarding a property on 272 Pipestone Street in Benton Harbor, Michigan, where plaintiffs lived with their children. The order provided an instruction to the "court officer" requiring that the officer restore the Griffins, as landlords of the property, to "full possession" of the property. On March 17, 2012, an employee of PCI executed the eviction order. Plaintiffs subsequently filed a complaint against defendants, requesting that the trial court award plaintiffs three times the amount of damages they suffered and restoration of their possession of the property under MCL 600.2918.

Plaintiffs argue that they and their children lived at the property at the time of the eviction and that Suzzette had a business located at the property. Plaintiffs argue that the eviction order did not refer to Suzzette, her children, or her business, and that, therefore, Suzzette's eviction and the eviction of her children and business were unlawful.

---

[1] We reject defendant PCI's challenge to this Court's jurisdiction over the present case. The claim of appeal was timely filed.

[2] The trial court entered a default against defendant Henry Griffin on March 11, 2013, but plaintiffs indicate in their brief on appeal that the court "released Mr. Henry Griffin from the default which was once granted . . . ."

-1-

Regarding plaintiffs' challenge to the trial court's judgment after the bench trial, "[t]his Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). Regarding plaintiffs' challenge to the trial court's grant of summary disposition to PCI, the grant or denial of summary disposition is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

The version of MCL 600.2918 in effect at all times relevant to the lower-court proceedings[3] provided, in relevant part:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200.00, whichever is greater, in addition to recovering possession.

> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:

> * * *

> (b) The removal, retention, or destruction of personal property of the possessor.

> * * *

> (3) The provisions of subsection (2) shall not apply where the owner, lessor, licensor, or their agents can establish that he:

> (a) Acted pursuant to court order . . . .

> (4) A person who has lost possession or whose possessory interest has been unlawfully interfered with may, if that person does not peacefully regain possession, bring an action for possession pursuant to [MCL 600.5714(1)(d)] of this act or bring a claim for injunctive relief in the appropriate circuit court. A claim for damages pursuant to this section may be joined with the claims for possession and for injunctive relief or may be brought in a separate action.

The purpose of MCL 600.2918 is to require a landlord to "resort to judicial process to recover possession" from a tenant who is wrongfully in possession. *Deroshia v Union Terminal*

---

[3] MCL 600.2918 was amended on October 9, 2013, by 2013 PA 127 and on September 24, 2014, by 2014 PA 223.

*Piers*, 151 Mich App 715, 717; 391 NW2d 458 (1986). A person is not improperly evicted from a property if the eviction is conducted pursuant to a court order. See *Sewell v Clean Cut* Mgmt, *Inc*, 463 MIch 569, 576-577; 621 NW2d 222 (2001). Also, MCL 600.2918(3) provides immunity for actions later alleged to have interfered unlawfully with a possessory interest where those actions were undertaken pursuant to an order of eviction. *Sickles v Hometown America, LLC*, 477 Mich 1076; 729 NW2d 217 (2007).

Here, plaintiffs are correct that only Owen's name explicitly appears on the eviction order. The fact that only Owen's name appears on the eviction order is likely because he had the land contract with the Griffins at the time of the entry of the eviction order. Regardless, the eviction order instructed the court officer (here, PCI) to "restore the [Griffins] to, and put the [Griffins] in, full possession of the premises." This would have been impossible if only Owen had been evicted from the property. Suzzette's eviction, the eviction of her children and business, and Owen's eviction were lawful because they were conducted pursuant to a court order. See *Sewell*, 463 Mich at 576-577. Plaintiffs do not have a meritorious claim because they were not ejected from the property improperly. *Id.*

Plaintiffs also argue that the execution of the eviction order was unlawful because PCI removed plaintiffs' personal property, placed the items outside, and then posted "no trespass" signs on the property, embarrassing plaintiffs and preventing plaintiffs from removing their belongings. However, the removal of plaintiffs' personal property was necessary to comply with the order mandating that the Griffins receive full possession of the property. Accordingly, while the removal or destruction of personal property can constitute unlawful interference under MCL 600.2918(2), PCI and the Griffins were immune under MCL 600.2918(3) to a claim of unlawful interference because their actions were undertaken pursuant to an order of eviction. *Sickles*, 477 Mich at 1076.

Plaintiffs' arguments do not show that the trial court erred when it entered its judgment after the bench trial. Also, the trial court did not err in granting PCI summary disposition under MCR 2.116(C)(7) because it was immune to plaintiffs' claim that was based on MCL 600.2918(2). See *Harris v City of Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992) (summary disposition under MCR 2.116(C)(7) is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law). Further, given that the eviction was not improper, the trial court did not err in granting PCI summary disposition under MCR 2.116(C)(10) in regard to plaintiffs' claim under MCL 600.2918(1). *Gibson v Neelis*, 227 Mich App 187, 190; 575 NW2d 313 (1997) (summary disposition under MCR 2.116(C)(10) is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law).

The remainder of plaintiffs' arguments have been abandoned. See *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Indeed, an appellant may not "give issues cursory treatment with little or no citation of supporting authority." *Id.*

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra