# STATE OF MICHIGAN

# COURT OF APPEALS

---

CARL A. ANDERSON, MARIE A. ANDERSON, and HERMAN J. ANDERSON,

  Plaintiffs-Appellants,

v

CAROLE CHAUNDY and KENNETH W. HAWK,

  Defendants-Appellees.

UNPUBLISHED
November 8, 2016

No. 328082
Wayne Circuit Court
LC No. 13-015600-CZ

---

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this action arising from an underlying landlord-tenant dispute, plaintiffs appeal as of right an order granting defendants' motion for summary disposition. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

On December 4, 2013, plaintiffs filed their complaint against defendants averring that, on August 18, 2007, defendant Kenneth Hawk and plaintiff Carl Anderson executed a land contract for the purchase of real property, a home, owned by Hawk located in Grosse Pointe Park. However, on December 29, 2009, Hawk and Carl Anderson agreed to terminate their land contract and entered into a lease agreement regarding the home.

In Count I of their complaint, plaintiffs alleged that defendant Hawk violated the federal residential lead-based paint hazard reduction act of 1992, 42 USC 4852d, because Hawk did not follow the dictates of that act with regard to disclosing any known lead-based paint and providing the necessary advice and information in that regard, either prior to or after the execution of the land contract and the lease. Further, on May 29, 2008, plaintiffs were notified by the city that the exterior windows, gutters, and interior walls of the property had been painted with lead-based paint which caused plaintiffs to spend $5,898 to paint over the lead-based paint and to incur legal fees to prosecute this action.

In Count II of their complaint, plaintiffs brought common-law and statutory conversion claims, and alleged that both defendant Hawk and his mother, defendant Carole Chaundy, who managed the real property at issue, converted plaintiffs' personal property during the eviction of plaintiffs from the home. More specifically, during the eviction most of plaintiffs' personal property was placed on the front lawn for about an hour, and then was removed by defendants'

-1-

agents, at defendants' direction, to an unknown destination for disposal and destruction, wrongfully depriving plaintiffs of their personal property.

On April 29, 2015, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8). First, defendants argued that plaintiffs admitted that they knew about the lead-based paint on May 29, 2008 and, thus, the lead-based paint claim was barred by the four-year statute of limitations set forth at 28 USC 1658(a). Second, both of plaintiffs' claims arose from their lawful eviction and, thus, were barred by res judicata because the matter was fully litigated. More specifically, an order of eviction was entered by the Municipal Court of Grosse Pointe Park on December 1, 2010, for failure to pay rent. Plaintiff Carl Anderson filed a motion for preemptory reversal, as well as a claim of appeal, in the Wayne Circuit Court, which were denied. Plaintiff Carl Anderson also filed an application for leave to appeal to the Court of Appeals which was denied, as was his motion for reconsideration.[1] Thus, defendants argued, plaintiffs knew about the alleged lead-based paint before the eviction action was brought and could have raised the issue in that matter. Further, the issue whether plaintiffs were lawfully evicted from the home was fully adjudicated; thus, res judicata precluded their conversion claims which had the same factual basis and essentially challenged their eviction. Accordingly, defendants argued, plaintiffs' complaint should be dismissed.

Plaintiffs responded to defendants' motion for summary disposition, arguing that their lead-based paint claim was not barred by the statute of limitations because it accrued on December 29, 2009, when the lease was executed, as set forth in 42 USC 4852d. Further, plaintiffs argued, their conversion claims arose after their eviction, when their personal property was removed from the front lawn of the home and taken to an unknown location for destruction and disposal; thus, their conversion claims could not have been raised in the eviction proceeding. In other words, res judicata did not bar either of plaintiffs' claims because (1) the summary eviction proceedings only determined the right of possession of the real property and not any other claim; and (2) the conversion occurred *after* the writ of eviction was entered thus it could not possibly have been litigated. Accordingly, plaintiffs argued that defendants were not entitled to an order of summary dismissal.

Defendants replied to plaintiffs' response to their motion for summary disposition, arguing that plaintiffs' lead-based paint claim was time-barred and their personal property was removed from the home pursuant to a lawful order of eviction, which could not be relitigated.

On June 5, 2015, following a hearing on defendants' motion, the trial court held that the lead-based paint claim accrued on May 29, 2008, and was barred by the four-year statute of limitations set forth in 28 USC 1658(a). Further, plaintiffs' conversion claims were barred by res judicata. Accordingly, the trial court entered an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). This appeal followed.

---

[1] See *Hawk v Anderson*, unpublished orders of the Court of Appeals, entered April 3, 2012 and May 11, 2012 (Docket No. 305231).

Plaintiffs argue that res judicata did not bar their conversion claims because they could not have been litigated in the summary eviction proceeding; thus, the trial court erred in dismissing their conversion claims. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Under MCR 2.116(C)(8), summary disposition is appropriate when the plaintiffs fail "to state a claim on which relief can be granted." The motion tests the legal sufficiency of the claim on the pleadings alone; all factual allegations are accepted as true and construed in the light most favorable to the plaintiffs. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). We also review de novo as a question of law whether res judicata bars a lawsuit. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

In this case, summary eviction proceedings resulted in a consent judgment for possession which was subsequently enforced by a writ of restitution. See MCL 600.5714, 600.5741, 600.5744. A writ of restitution commands "the sheriff, or any other officer authorized to serve the process, to restore the plaintiff to, and put the plaintiff in, full possession of the premises." MCL 600.5744(1). Plaintiffs argue that their personal property was stolen, destroyed, or disposed of during the execution of the writ which constituted common-law and statutory conversion. "In the civil context, conversion is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391; 486 NW2d 600 (1992). Defendants argued in the trial court that plaintiffs' conversion claims were barred by res judicata and the trial court agreed. We do not agree.

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington*, 478 Mich at 418 (citations omitted). The summary eviction proceedings adjudicated defendants' right to possession of the real property; thus, res judicata would bar plaintiffs from challenging "the narrow issue whether the eviction was proper." *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 576-577; 621 NW2d 222 (2001). But the summary proceedings did not adjudicate what plaintiffs alleged occurred *during* the actual eviction, i.e., whether defendants' actions amounted to conversion of plaintiffs' personal property. Res judicata could not apply to plaintiffs' conversion claims because, at the time of the summary proceedings, defendants' challenged conduct had not yet even occurred.

Defendants argue on appeal, as they did in the trial court, that plaintiffs' conversion claims are "akin to an unlawful eviction" claim. But they are not. Plaintiffs are not arguing that they should not have been evicted. And they are not arguing that defendants had no right to merely remove their personal property from inside the home. Rather, plaintiffs argue that defendants had no legal right to steal, destroy, or dispose of their personal property during the eviction process. Defendants rely, for the first time on appeal, on "Michigan's wrongful eviction statute," MCL 600.2918(3)(a), and argue—essentially—that as long as the landlord acted pursuant to an order of eviction, the landlord can steal, destroy, or dispose of the tenant's personal property during an eviction. But that is not true.

As explained by our Supreme Court in *Sickles v Hometown America, LLC*, 477 Mich 1076; 729 NW2d 217 (2007), the "plain language of MCL 600.2918(3) provides immunity only for actions undertaken pursuant to an order of eviction." *Id*. In that case, the plaintiffs were lawfully evicted but alleged that during the eviction, the defendants and their agents destroyed and converted the plaintiffs' personal property. The plaintiffs sued the defendants raising various claims, including conversion, and the defendants argued that they were immune from liability under MCL 600.2918(3) because the eviction was performed pursuant to a writ of restitution.[2] The trial court agreed with the defendants and this Court affirmed, holding that the defendants were protected under MCL 600.2918 from claims arising from the eviction proceeding.[3] Our Supreme Court disagreed and reversed, holding:

> The plain language of MCL 600.2918(3) provides immunity only for actions undertaken pursuant to an order of eviction. Accepting the plaintiffs' well-pleaded factual allegations as true, and construing them in a light most favorable to the plaintiffs, certain of the defendants' actions, including the conversion and destruction of plaintiffs' property in a manner that was neither necessary to effect the eviction nor incidental to the process of eviction, cannot be said as a matter of law to be within the scope of the July 7, 2004 order of eviction, and hence, may not have been undertaken pursuant to that order. [*Sickles*, 477 Mich at 1076.]

Similarly, in this case, accepting plaintiffs well-pleaded factual allegations as true and construing them in the light most favorable to them, as we must under MCR 2.116(C)(8), *Maiden*, 461 Mich at 119, defendants' and their agents' actions—including the transporting of most of plaintiffs' personal property to an unknown destination for destruction or disposal so as to deprive plaintiffs of their personal property—were neither necessary to effect the eviction nor incidental to the process of eviction and cannot be said, as a matter of law, to be within the scope of the order of eviction, thus, defendants' actions cannot have been undertaken "pursuant to" that order. Accordingly, the trial court's order granting defendants' motion for summary disposition on the ground that res judicata barred plaintiffs' conversion claims is reversed and the matter is remanded for further proceedings consistent with this opinion.

Next, plaintiffs argue that the trial court erred in dismissing their claim that defendants violated the federal lead-based paint hazard reduction act of 1992, 42 USC 4852d, on the ground that it was barred by the statute of limitations. After de novo review of this question of law, we disagree. See *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003).

Plaintiffs alleged in their complaint that defendant Hawk failed to follow the dictates of 42 USC 4852d with regard to disclosing any known lead-based paint and providing the necessary advice and information in that regard, either prior to or after the execution of the land contract and the lease. Plaintiffs further alleged that they were notified by the City of Grosse Pointe Park,

---

[2] *Sickles v Hometown America, LLC*, unpublished opinion of the Court of Appeals, issued June 13, 2006 (Docket No. 266722); slip op at 2-3.

[3] *Id*. at 3.

on May 29, 2008, that the exterior windows, gutters, and interior walls of the home had been painted with lead-based paint which caused plaintiffs to spend $5,898 to paint over the lead-based paint and to incur legal fees to prosecute this action.

On appeal, plaintiffs argue that their causes of action for the violation of 42 USC 4852d accrued on (1) August 18, 2007, when the land contract was executed, and (2) December 29, 2009, when the lease was executed. Further, their complaint was timely filed on December 4, 2013, i.e., "December 29, 2009, is the correct date for determining timeliness for statute of limitation purposes because of the continuing nature of the LBPHRA violations." We disagree.

Plaintiffs do not dispute that their lead-based paint claim is subject to a four-year statute of limitations as set forth in 28 USC 1658(a). Thus, any cause of action arising from the execution of the land contract had to be brought by August 18, 2011. And any cause of action arising from the execution of the lease had to be brought by December 29, 2013. This action was indeed brought before December 29, 2013, but the damages set forth in plaintiffs' complaint did not arise from the execution of the lease on December 29, 2009. Rather, the claimed damages of $5,898 to repaint were incurred in May 2008—after the land contract was executed and well before the lease was executed. Accordingly, the claimed damages did not arise from any violation of 42 USC 4852d that occurred within the four-year statute of limitation period applicable to such a cause of action.

In their brief on appeal, plaintiffs appear to reference the federal "continuing violations doctrine," stating that "December 29, 2009, is the correct date for determining the timeliness for statute of limitation purposes because of the continuing nature of the LBPHRA violations." However, other than citing to two federal cases, plaintiffs do not explain or rationalize their apparent argument that the "continuing violations doctrine" applies under the precise circumstances of this case. That is, plaintiffs neither discuss the doctrine nor explain why it may be relied upon in this case to circumvent the four-year statute of limitations. We will not make those arguments for plaintiffs on appeal. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Accordingly, the trial court did not err in dismissing plaintiffs' claim that defendants violated 42 USC 4852d, on the ground that it was barred by the statute of limitations.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto