*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GRANT CHEN and CAROLINE CHEN, LLC, doing business as CROWN REALTY & MANAGEMENT,

Plaintiff-Appellant,

v

RYAN SWEENEY and CRAMER, MINOCK, & SWEENEY, PLC,

Defendants-Appellees.

UNPUBLISHED
May 6, 2021

No. 352924
Washtenaw Circuit Court
LC No. 19-001199-NO

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the orders granting defendants' motion for summary disposition and request for attorney fees and costs. We affirm.

## I. BACKGROUND FACTS

This case arises from a separate 2018 divorce action (the "*Pan* divorce") between Jill Jie Cheng Pan ("the wife") and Mickel Ming Hua Pan ("the husband"). *Pan v Pan*, Washtenaw Circuit Court (18-000812-DO). Defendants in this case represented the wife in the *Pan* divorce. Plaintiff is a property management firm that managed several properties owned by the Pans; one of plaintiff's owners, Grant Chen, is also the cousin of the husband in the *Pan* divorce. The *Pan* divorce involved a considerable amount of discovery, which included investigations into the Pans' real estate holdings. When the husband was reluctant to produce certain documents related to the couple's property holdings, defendants, on behalf of the wife, filed two motions to compel production of documents. The motions contained the following statements at issue in this case:

> Grant Chen is [the husband's] cousin and has participated in a scheme of withholding funds payable to [the wife], paying the same directly to [the husband], cooperating in issuing K-1's [sic] to [the wife] (for distributions paid to [the husband]) and refusing to provide an accounting of the accounts receivable and payable related to the entities of which [the wife] has a member interest.

-1-

And:

> [The husband] appoints family members to own the entities that hold his assets, including his brother Jimmy Pan, brother-in-law Grant Chen [sic], and sister Marilyn Chu.

Plaintiff perceived these statements as defamatory, and the present suit ensued. In its complaint, plaintiff alleged that during the *Pan* divorce, defendants made defamatory statements—both oral and written—about plaintiff. Plaintiff's libel claim was based upon the above statements from the motions to compel. Plaintiff's slander claim arose from statements plaintiff alleged that defendant Sweeney made during a pretrial hearing in the *Pan* divorce. The transcripts to the pretrial hearing later revealed that defendant Sweeney never made the alleged statements, and plaintiff agreed to dismiss the slander claim.

Defendants moved for summary disposition under MCR 2.116(C)(8), arguing that defendants' statements in the motions to compel were immune from liability under the judicial proceedings privilege. Defendants also sought attorney fees and costs because they believed plaintiff's suit was frivolous and was devoid of legal merit. The trial court agreed and granted defendants' motion for summary disposition, finding that defendants' statements were immune under the judicial proceedings privilege. The trial court also agreed that the suit was frivolous and granted defendants' motion for attorney fees and costs in the amount of $10,840. This appeal followed.

## II. JUDICIAL PROCEEDINGS PRIVILEGE

Plaintiff argues the trial court erred when it found that the judicial proceedings privilege protected the statements made by defendant Sweeney during the *Pan* divorce. We disagree.

### A. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant summary disposition." *Magley v M & W Inc*, 325 Mich App 307, 313; 926 NW2d 1 (2018). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Further, "[a] motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted).

### B. LAW AND ANALYSIS

"A communication is defamatory if, under all the circumstances, it tends to so harm the reputation of an individual that it lowers the individual's reputation in the community or deters others from associating or dealing with the individual." *Kefgen v Davidson*, 241 Mich App 611, 617; 617 NW2d 351 (2000).

> In order to establish a claim of defamation, a plaintiff must show: (1) a false or defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher;

and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication (defamation per quod). [*Mino v Clio Sch Dist*, 255 Mich App 60, 72; 661 NW2d 586 (2003) (citation omitted).]

Further, "[w]hen addressing a defamation claim, a reviewing court is required to make an independent examination of the record to ensure against forbidden intrusions into the field of free expression." *Id*. (quotation marks and citation omitted).

In this case, the trial court granted defendants' motion for summary disposition because it found "as a matter of law that the statements by [d]efendant Sweeney are immune under the judicial proceedings privilege." Looking to the parties' arguments on appeal, the issue in this case focuses exclusively on element two—whether defendants' statements in the motions to compel qualified as "unprivileged publication to a third party." *Id*. at 72. Consequently, we will presume, but we will explicitly not decide, that the statements at issue were untrue[1] and sufficiently harmful.

"Statements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issue being tried." *Oesterle v Wallace*, 272 Mich App 260, 264; 725 NW2d 470 (2006). "The immunity extends to every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings and affidavits." *Lawrence v Burdi*, 314 Mich App 203, 217; 886 NW2d 748 (2016) (quotation marks and citation omitted). "The defense of privilege is grounded in public policy; in certain situations, the criticism uttered by the defendant is sufficiently important to justify protecting such criticism notwithstanding the harm done to the person at whom the criticism is directed." *Bedford v Witte*, 318 Mich App 60, 65; 896 NW2d 69 (2016).

Importantly, the statement need only be "relevant, material, *or* pertinent" to the issue. *Oesterle*, 272 Mich App 264 (emphasis added). In other words, the statement need only meet one of the criteria for the privilege to apply. The privilege should be construed liberally to maximize attorneys' freedom of expression in pursuit of their clients' cases, and its reach only stops at statements unrelated to or having no bearing upon an issue or subject matter before the court. *Id*. at 264-265. "What a litigant considers to be pertinent or relevant is given much freedom, and the privilege is liberally construed as a matter of public policy so that participants in judicial proceedings may have relative freedom to express themselves without fear of retaliation." *Lawrence*, 314 Mich App at 217 (quotation marks and citation omitted). A statement need not be "strictly relevant to any issue involved in the litigation," so long as a statement has "some reference to the subject matter" of the litigation. *Id*. at 217-218. Plaintiff offers no meaningful argument regarding the materiality or pertinence of the complained-of statements; rather, the parties only dispute whether the statements were relevant to the divorce action.

The *Pan* divorce was highly contentious, with the Pans' real estate assets playing a prominent role the in proceedings. Defendants' theory in filing the motions to compel was that the husband was concealing real estate assets from the wife via title transfers to his relatives—

---

[1] "Truth is an absolute defense to a defamation claim." *TM v MZ*, 326 Mich App 227, 242; 926 NW2d 900 (2018) (quotation omitted).

-3-

thus, defendants assert the statements were intended to explain to the trial court the wife's purpose in seeking the information underlying the motions. Accordingly, defendants' statements in the motions to compel were relevant because they contained "some reference to the subject matter" of the litigation. In other words, plaintiff's alleged facilitation of the husband's alleged concealment had significant bearing on whether it would be appropriate to grant the motion to compel. Because the statements were made within the *Pan* litigation and because they were relevant to the subject matter of that litigation, the trial court did not err when it applied the judicial proceedings privilege to the statements.

We nevertheless address plaintiff's reliance on our opinion in *Lawrence*, 314 Mich App at 218-220. In *Lawrence*, we considered the relevance of statements made by a party's representative in a prior easement dispute. *Id*. at 206. Even though the *Lawrence* plaintiff was not a party in the prior suit and was merely a representative of the plaintiff in that action, the defendant in the prior suit sought requests for admission regarding the *Lawrence* plaintiff's ability to sit for the Michigan bar examination and his prior drug history. *Id*. at 206-207. The *Lawrence* plaintiff filed a defamation claim asserting that the requests for admission were harmful to his reputation. *Id*. at 208. The defendant moved for summary disposition alleging that the statements were protected by the judicial proceedings privilege. *Id*. at 209-210. The trial court granted the motion, reasoning that the statements were relevant to the litigation because they were part of the discovery process. *Id*. at 210. We reversed on appeal, stating that "[t]he record for this case contains absolutely no evidence that plaintiff's character had any relevance or pertinence to the disputed easement." *Id*. at 218.

In this case, plaintiff argues that "[s]imilar to the *Lawrence* case, it was unnecessary for [defendants] to name [plaintiff] in [their] pleadings; [defendants] could have accomplished the same trial strategy without dragging [plaintiff's] name through the mud alongside Mr. Pan." However, this Court never held that the judicial proceedings privilege requires a statement to be necessary to prove a party's case. Rather, the statement must merely be relevant to proving the party's case; in other words, it must merely be reasonably expected to be helpful. In *Lawrence*, the plaintiff's drug history and bar examination privileges were totally irrelevant to the litigation, and there was no indication "that they would shed any light on the easement issue." *Lawrence*, 314 Mich App at 218. In contrast, the statements regarding plaintiff's alleged participation in an asset withholding scheme were entirely relevant to the issue in the *Pan* divorce—whether the husband was hiding real estate holdings from the wife. Concealment of assets is a relevant consideration in divorce litigation. *Sands v Sands*, 442 Mich 30, 36; 497 NW2d 493 (1993) ("A party's attempt to conceal assets is a relevant consideration, but it is only one of many facts that the court must weigh."). Thus, the statements at issue were connected to the issue at litigation and were therefore relevant to the action.

In sum, the statements within the motions to compel were relevant to the action. Thus, the trial court did not err when it concluded that the statements were protected by the judicial proceedings privilege.[2]

## III. ATTORNEY FEES AND COSTS

Plaintiff argues the trial court erred when it granted defendants' motion for attorney fees and costs on the basis of its conclusion that plaintiff's suit was frivolous. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010) (citation omitted). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id.* "A trial court necessarily abuses its discretion when it makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "A trial court's findings of fact, such as whether a party's position was frivolous, may not be set aside unless they are clearly erroneous." *Keinz*, 290 Mich App at 141, citing MCR 2.613(C). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

Further, "this Court reviews de novo issues of statutory construction." *Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). "The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature . . ." *Tevis v Amex Assurance Co*, 283 Mich App 76, 81; 770 NW2d 16 (2009). "If the language is clear and unambiguous, this Court must enforce the statute as written . . . Unless defined by statute, words and phrases are to be given their plain and ordinary meaning, and this Court may consult a dictionary to determine that meaning." *Tree City Props LLC v Perkey*, 327 Mich App 244, 247; 933 NW2d 704 (2019). This Court also applies rules of statutory construction to the interpretation of court rules. See *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

### B. LAW AND ANALYSIS

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012) (quotation marks and citation omitted). MCL 600.2591(1) allows courts to

---

[2] Defendants also argue on appeal that this case may be resolved under MCR 2.116(C)(7). Summary disposition that was improperly granted under one subrule may be upheld if summary disposition would have been proper under another subrule. *Gibson v Neelis*, 227 Mich App 187, 189, 575 NW2d 313 (1997). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015) (quotation omitted). Because we conclude that summary disposition was properly granted under MCR 2.116(C)(8), we need not consider whether it would have been appropriate under MCR 2.116(C)(7).

award parties attorney fees in costs for actions the trial court deems "frivolous." An action is deemed "frivolous" where one of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a)(*i*) through(*iii*).]

Plaintiff first argues that the trial court erred in considering plaintiff's slander claim despite plaintiff's voluntary withdrawal of that claim. Although we commend voluntarily withdrawing claims upon realizing their untenability, "it is necessary to evaluate the claims or defenses at issue at the time they were made." See *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). Thus, the timeframe to evaluate plaintiff's claims is not *after* plaintiff withdrew the slander claim, but *at the time* the slander claim was made; in other words, at the time this suit was commenced. Therefore, our analysis will consider arguments regarding both plaintiff's libel and slander claims. With this timeframe in mind, we turn to plaintiff's argument that it "does not meet any of the other criteria set forth in MCL 600.2591(3)(a), this suit is obviously not a frivolous action."

Regarding MCL 600.2591(3)(a)(*i*), plaintiff argues that it "did not file suit to harass, embarrass, or injury [sic] [defendants]. Instead, [plaintiff's] main goal was to have the libelous statements retracted." We find this assertion doubtful, given that plaintiff's complaint sought only money damages. Although the complaint does also reference defendants' refusal to retract their allegedly-defamatory statements, and there is some evidence in the record suggesting that plaintiff was indeed interested in obtaining a retraction, plaintiff nevertheless provides no explanation on appeal describing its primary purpose in filing suit. A party must support an argument with more than a mere announcement of the party's position. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Here, even if the record might contain some evidence that arguably supports plaintiff's claimed motive in filing suit, plaintiff makes no actual argument tending to contradict the more obvious implications of seeking only money damages in the complaint. We find this argument insufficiently presented.

Furthermore, plaintiff provides no explanation for the nonexistent slander allegations. As stated above, "it is necessary to evaluate the claims or defenses at issue at the time they were made." *In re Costs & Attorney Fees*, 250 Mich App at 94. Here, even though plaintiff later withdrew the slander allegations, it provides no explanation as to how the alleged slander allegations were not intended to "harass, embarrass, or injure" defendants at the time the suit was filed. MCL 600.2591(3)(a)(*i*). Indeed, the evidence points to the opposite conclusion. As noted, the complaint alleged that defendants made slanderous statements about plaintiff during the pendency of the *Pan* divorce, however in reality, the alleged "slanderous" statements did not actually exist. In making allegations that were easily proven otherwise by the transcripts of the *Pan* proceedings, it is difficult to conclude that the slander allegations were not intended to "harass,

embarrass, or injure" defendants. For the above reasons, we conclude there is no basis on which to reverse the trial court's decision under MCL 600.2591(3)(a)(*i*).

Under MCL 600.2591(3)(a), a suit may be deemed frivolous if it satisfies one of the subsections. Here, because the trial court could have found that plaintiff's suit was frivolous under MCL 600.2591(3)(a)(*i*), we need not consider subsections (*ii*) and (*iii*). Therefore, we affirm the decision of the trial court granting defendants' motion for attorney fees and costs.

Affirmed.

/s/ Kathleen Jansen
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola